# PENNSYLVANIA.

151    1
151    16
151    1
159   232

151    1
203   1214

151    1
184 US  589

151    1
24 SC  1273
24 SC  274

## Small's Estate. Small's Appeal. Commonwealth's Appeal.

[Marked to be reported.]

*Collateral inheritance tax—Liability of non-resident member of limited partnership—Act of May 6, 1887.*

Under the act of May 6, 1887, P. L. 79, the interest of a non-resident deceased member of a limited partnership association is liable to the collateral inheritance tax, where the real and personal property of the association is situated within the state.

A limited partnership association consisted of three members, two of whom were residents of Pennsylvania, and one of Maryland. The capital of the association was made up of land in Pennsylvania valued at $190,500 and personal property valued at $240,300. The business consisted largely of buying and selling grain, flour, etc., in Pennsylvania and elsewhere. The non-resident member by his will bequeathed to his partners, who were also his brothers, all the interest in the association, including " all the property real and personal, notes, stocks, bonds and accounts."

*Held*, that the interest of the deceased member was liable to the collateral inheritance tax.

*Widow's election—Effect on collateral inheritance tax.*

Testator bequeathed all his interest in a limited partnership association to his brothers. His widow elected to take against his will, whereupon the executors and legatees paid to her a certain sum in full of all her claims against the estate.

VOL. CLI—1                                    (1)

*Held*, that the full value of the testator's interest in the limited partnership association was subject to the payment of the collateral inheritance tax.

Argued May 19, 1892.   Appeals, Nos. 247, 248, Jan. T., 1892, by W. Latimer Small et al., and The Commonwealth of Pennsylvania, from decree of O. C. York Co., in estate of Geo. Small, deceased.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal from valuation and appraisement of real and personal property for purposes of collateral inheritance tax; and case-stated.

The facts appear by the opinion of the Supreme Court.

The opinion of the court below, after stating the facts, was as follows, by BITTENGER, J.:

" ' The collateral inheritance tax imposed by the act of May 6, 1887, is a direct tax upon the property devised or inherited by collaterals, in the hands of devisees or heirs, and not merely a succession tax imposed upon the persons thus succeeding to real or personal estate: Bittinger's Ap., 129 Pa. 338.

" ' All property of the citizen within the state may be taxed, and all such property outside of the state as is drawn or follows, in law, the person or domicile of the owner, such as bonds, and mortgages, money at interest, etc., no matter where situated.' Ibid. page 345.

" To justify the imposition of tax by the commonwealth the person must have a domicile therein or the business or thing taxed must have a situs in the state: Com. v. Standard Oil Co., 101 Pa. 119.

" In Orcutt's Ap., 97 Pa. 179, it is said the act of 1849 (part of the act of 1887) 'was doubtless intended to embrace only personal property of a tangible nature, situate and used for business purposes, within the commonwealth, and not to certificates of indebtedness, such as government bonds, and whose situs, necessarily, follows the owner's domicile.'

" Every nation possesses an exclusive sovereignty within its own territory, the direct consequence of the rule that the laws of every state affect and bind, directly, all property whether real or personal within its territory : Story on Conflict of Laws, § 18, etc.; McKeen v. Northampton Co., 49 Pa. 525.

" To arrive at a correct conclusion in this case it is neces-

sary to consider, what is the nature of this partnership association; the character of the property and interest claimed by the commonwealth to be taxable for collateral tax; and what is the interest or estate bequeathed to the appellants.

" The partnership association in question is a partnership erected by its original members, under the act of June 2, 1874, P. L. 271, and its supplements. Said act is entitled an act 'to authorize the formation of partnership associations.' The amended act of 1885, P. L. 182, authorizes subscriptions to the capital stock of such associations in real estate, and provides that interests therein may be given, devised or assigned. Said act provides that interests in such associations shall be personal property. They may be assigned or levied upon by an execution creditor in the manner provided by the act, but the successor to the persons having interests cannot be a member in its subsequent business, except upon the conditions prescribed, viz.: by vote of a majority of the members in number and value of their interests. The rights and holdings of the members of the association are called interests, and, in the general tax law of 1891, it is provided that the interest in such associations shall, for the purpose of the said act, be deemed to be capital stock: P. L. 1891, 238.

" The act of 1874 and its supplements does not provide for shares of stock, or for certificates of stock. Such associations are not corporations, although they have been held to resemble the latter and are sometimes, by the courts, termed quasi-corporations. It was argued by counsel for the appellants that, in the case of Standard Oil Co., 101 Pa. 148; Patterson v. Tide Water Pipe Co., 12 W. N. 254; Com. v. Sandy Lick Co., 40 Leg. Int. 272, these partnership associations are held to be quasi-corporations, and rank with corporations; but in these cases different principles were involved, none of them embracing the right of the commonwealth to collateral tax. In the Standard Oil Co. case the decision was based on the ground that such corporations and partnership associations in the state had already paid their taxes and borne the share of the public burden.

" 'The language of a judicial opinion, arguendo, is always to be understood in reference to the particular question presented for adjudication:' Erie R. R. v. Com., 56 Pa. 84.

" The tax here claimed is not in the nature of double taxation ; for the property and effects passing to collaterals and strangers is not otherwise previously taxed. It is uniform and, therefore, equally imposed upon all estates so acquired by collaterals, and although the personal representative of the decedent is made responsible for the payment of such tax, it must be paid by the legatee or beneficiary. It is not payable generally by the estate. The owners of such estate are required to pay the tax even when the will devising or bequeathing such estate directs that the legacies devised shall be clear of encumbrances : Forbes's Est, 41 Leg. Int. 175.

" The state of Maryland has a collateral tax law quite similar to our own. It is there held to be in the nature of a succession tax, payable out of the estate of a non-resident when property owned by him is actually within the state, and out of the estate of a deceased resident when his property is actually, or in legal contemplation, situated in Maryland, provided, of course, in both instances, the property passes to a person other than the father, mother, husband, wife, children or lineal descendants of the decedent : State v. Dalrymple's Admrs., 70 Md. 294.

[" Inasmuch as it is not a fact that the partners had, by virtue of the act, the right to divide the capital into shares of stock and issue certificates of stock, and that no such certificates are shown to have been issued to George Small, or to have been in his possession at the time of his decease, it cannot be seriously claimed that, under the above construction of the Maryland act, the interest of the testator in this association, in Pennsylvania, could be held to have a situs in Maryland, and be liable there for collateral tax.] [1]

" The estate and interest devised and bequeathed by the testator, was all his interest in the partnership association of P. A. & S. Small, Limited, and in all the property, real and personal, notes, stocks, bonds and accounts of said partnership association. Of the $450,000 of the capital stock of this association, $190,000 was in real estate, and the balance mostly in notes, book-accounts and stock on hand of the late firm of P. A. & S. Small, of which the said partnership association was the successor.

" If the business enterprise had been an ordinary partnership ·

the interest of the testator devised to the appellants would undoubtedly have been liable to the collateral tax. In what consists the difference between the ordinary partnership and this partnership association? What difference exists other than that, by a compliance with the act, the responsibility of the members of the latter is confined to the capital subscribed, that managers are provided for the association in the conduct of its business and that the term of twenty years was made the limit for the continuance of the life of this association? In this case the original members were the managers. Any other minor differences which may exist between the ordinary partnership and partnership associations seem to be immaterial in the determination of this contention.

"What is meant by the share of a partner, is his proportion of the partnership assets after they have all been realized and converted into money, and all the debts and liabilities have been paid and discharged: 1 Lindley on Partnership, 340.

"It is held in Kintzing v. Hutchinson, 7 W. N. 227, decided in the United States district court, 3d dist., in 1887, that a person domiciled in another state, though he owns loans of the commonwealth of Pennslyvania or stocks of its corporations, or claims against its citizens, has no estate by virtue thereof, within this commonwealth. His estate or ownership is where he resides, and is taxable there because he resides there. Neither he nor his estate is within the jurisdiction of Pennsylvania. This applies to corporations, or shares therein and public loans and other indebtedness, or choses in action.

"Some stress is laid by Judge STRONG, in delivering this opinion, on the fact that our act of assembly says property passed either by will or under the intestate laws thereof, and that the act means a will, authorized by the state, and that the will in said case was not proved here, or ancillary letters granted in Pennsylvania.

"What is the character of the interests held by members of such partnership associations? Their interests are in proportion to the amount of capital subscribed or acquired under the act of assembly.

"'Interest' is defined, in Anderson's Dictionary of Law, 'share, portions, part, participation.' 'Right of property in a thing.' 'May denote property itself objectively.' 'Any right

in the nature of property less than title.' In Abbott's Law
Dictionary 'Interest' is defined, 'a claim to advantage or ben-
efit from a thing. Any right in the nature of property less
than title. A partial or undivided right. A title to a share.'
'Its chief use seems to be to designate some right attached to
property which either cannot, or need not be defined with pre-
cision.'

" We do not think that the last mentioned case rules this,
for the reason that in a partnership association, such as the one
under consideration, no shares of stock are provided for and
much less certificates of stock. As stated before, while it is a
fact contained in the case-stated that shares of stock for his
interest, were issued to George Small, and held by him at the
time of his decease, it does not appear as a fact that he ever
received or held certificates of stock for said interest or share
in the association.

["It is not shares of stock or certificates for such shares
passing to the appellants, that the commonwealth claims are lia-
ble to taxation.] [2] It is the interest of the deceased in the
said partnership association, a one third interest as described in
will of the testator, 'all my interest in the partnership associa-
tion of P. A. & S. Small, Limited, and in all the property, real
and personal, notes, stocks, bonds and book accounts of said
partnership association.' It is the property and estate passing
by the will which is liable to tax.

" In the absence of a statement to the contrary in the case-
stated, we must, for the purpose of this case, take it to be true
that the estate of the testator, in Maryland, his domicile at the
time of his decease, is sufficient to meet all legal demands of
creditors and others upon it. Indeed, it was admitted by coun-
sel at the argument, that such is the case, and that that portion
of the estate in Pennsylvania is exempt from any claim or de-
mand for debts or any matter, and is to be disposed of as
directed by the will; the widow having been provided for in a
manner entirely satisfactory to her, and having executed a re-
lease, as hereinbefore stated. The payment of the collateral
tax on other property of the estate in Pennsylvania, as set
forth in the case-stated, is consistent with this position.

" 'It is undoubtedly true that the actual situs of personal
property which has a visible and tangible existence, and not

the domicile of the owner, will, in many cases, determine the state in which it may be taxed. The same thing is true of public securities, consisting of state bonds and bonds of municipal bodies and circulating notes of banking institutions; the former, by general usage, have acquired the character of, and are treated as property in, the place where they are found, although removed from the domicile of the owner. But other personal property, consisting of bonds, mortgages and debts generally, has no situs independent of the domicile of the owner, and can certainly have none when the instruments, as in the present case, constituting the evidence of debt, are not separated from the possession of the owners.' State Tax on Foreign Bonds, 15 Wall. 300.

" We are convinced that the interest bequeathed to the appellants is a tangible interest and property of the estate, with a situs in Pennsylvania, protected during the lifetime of George Small, and still protected by the laws of this commonwealth, and that collateral tax is payable upon the same to the commonwealth.

" We think that portion of this interest that was vested in Mary H. Small, the widow of the testator, by virtue of the intestate laws and her election to refuse to accept the provisions of the will of her husband, and her claim to her rights under the said intestate laws, to wit: one half of said interest, is not taxable for collateral purposes. That she afterwards accepted less than her full share of the estate, cannot affect the property which vested in her by descent, namely, one half of the estate of her husband, and does not affect the question of the exemption of such property from the tax.

" And now, Dec. 26, 1891, the court being of opinion that [one half of the interest of the testator in the partnership association of P. A. & S. Small, Limited, being a one third interest, the whole thereof being appraised at $150,000, and the half thereof being, by said appraisement, of the value of $75,000, held by the testator at his death, is taxable in Pennsylvania, under the laws imposing and regulating collateral inheritance taxes in this commonwealth,] [3] the court enters a decree upon the case stated, in favor of the said commonwealth of Pennsylvania v. W. Latimer Small, Samuel Small and James

W. Latimer, executors of the will of George Small, deceased, for the sum of $3,750.) "

W. Latimer Small and Samuel Small, legatees, and the Commonwealth appealed.

*Errors assigned* by the legatees were (1–3) portions of opinion in brackets, quoting them ; (4) in not entering decree in favor of appellants.

*Errors assigned* by the Commonwealth were in finding (1) that any portion of George Small's interest in the partnership was vested in the widow by virtue of the intestate laws and of her election ; (2) that one half of the interest vested in his widow by descent; (3) that one half of the interest was not taxable in Pennsylvania ; (4) in not entering a decree for $7,500.

*George S. Schmidt*, for legatees.—The act of 1887 has not extended the collateral inheritance tax laws beyond the scope of previous statutes: Cooper's Est., 127 Pa. 441; Cullen's Est., 142 Pa. 20; Fagley's Est., 126 Pa. 612; Del Busto's Est., 23 W. N. 112.

The commonwealth by its own agent having appraised the interest of the legatees as stock, cannot now construe the bequest as so much real estate, flour, grain, live stock, etc. Special taxes are construed most strictly against the government: Dos Passos on Collateral Inheritance Taxes, 41. Shares of stock and bonds have no situs independent of the domicile of the owner: Cooley on Taxation, 22 ; State Tax on Foreign Bonds, 15 Wall. 300. The tax laws have no extra territorial effect: Foreign Bond Case, 15 Wall. 326; Bittinger's Est., 129 Pa. 345. Shares of stock in a Pennsylvania corporation held by a non-resident cannot be taxed: Com. v. Standard Oil Co., 101 Pa. 148; Orcutt's Ap., 97 Pa. 179; Kintzing v. Hutchinson, 7 W. N. 230 ; Allen v. Savings Fund, 7 W. N. 231 ; Commonwealth's Ap., 11 W. N. 492; Del Busto's Est., 23 W. N. 111 ; Cooley on Taxation, 22 ; Dos Passos on Collateral Inheritance Taxes, 96, 99, 100.

The interest of a member in a limited partnership association is properly represented by stock; such associations are really joint-stock associations, and they have full power to

issue stock. The validity of such issues have been frequently recognized: Rehfuss v. Moore, 134 Pa. 465; Masters v. Lauder, 131 Pa. 196; Hill v. Stetler, 127 Pa. 160; Louder v. Logan, 123 Pa. 35; Hite Natural Gas Co.'s Ap., 118 Pa. 436; Tide Water Pipe Co. v. Kitchenman, 108 Pa. 630; Patterson v. Tide Water Pipe Co., 12 W. N. 452; Tide Water Pipe Co. v. Satterfield, 12 W. N. 457; Act of June 7, 1879, P. L. 115; Act of June 8, 1891, P. L. 237; Oak Ridge Coal Co., Ltd., v. Rogers, 108 Pa. 150; 2 Lindley on Partnership, 851.

The capital stock of a corporation designed to be taxed for state purposes is a different thing from the shares of stock in the hands of the individual holder: Lycoming Co. v. Gamble, 47 Pa. 110; Whitesell v. Northampton Co., 49 Pa. 530; Slaymaker v. Bank, 10 Pa. 373; Com. v. Standard Oil Co., 101 Pa. 149. Shares of stock are mere choses in action: Somerville v. Somerville, 5 Ves. Jr. 750; note to Jackson v. Forbes, 2 Crompt. & Jar. 405; Morawetz on Corporations, § 343; Lewis on Stocks, 19; Williams on Personal Property, 6; Story on Conf. of L. 380; Dos Passos on Collateral Inheritance Taxes, 96, note; Neiler v. Kelley, 69 Pa. 407.

The interest of the decedent in a similar Maryland association would have been taxed in Pennsylvania, if the decedent had been domiciled in this state: Shorts' Est., 16 Pa. 66, McKean v. Northampton Co., 49 Pa. 525; Whitesell v. Northampton Co., 49 Pa. 530. On the contrary, the shares of a nonresident in a Pennsylvania association should not be taxed here. Com. v. Smith, 5 Pa. 142, and Alexander's Est., 3 Clark, 87, are not in harmony with later decisions.

The widow's interest being free from the collateral inheritance tax, the tax cannot be collected from the appellants who purchased that interest. The widow in her renunciation of the will had an immediate right of property in one half of her husband's estate: Melizet's Ap., 17 Pa. 455; Scott on Intestate Law, 476; Avery's Est., 34 Pa. 205.

The testator's bequest to the appellants of his interest in the partnership association, passed but contingently to them the ownership of the stock. It was subject to the rights of the widow which the testator could not control: Avery's Est., 34 Pa. 205. By her election the widow took the paramount title which the appellants bought from her. As to one half of the

interest in the association, they took by purchase from the widow and not as legatees under the will.

*W. U. Hensel,* attorney general, *John W. Heller* with him, for Commonwealth.—If an estate is either situated within the state or was the estate of a person whose domicile was within this commonwealth, it is liable to the collateral inheritance tax.

The taxation of a general class of subjects being established, the burden of proving an exemption is upon the particular subjects claiming it, and in the construction of tax statutes exemptions are not favored : Bank v. Com., 19 Pa. 144; People v. Commrs. of Taxes, 76 N. Y. 64; People v. Davenport, 91 N. Y. 575.

The cases relied upon by the legatees do not apply : Kintzing v. Hutchinson, 7 W. N. 226 ; and Allen v. Savings Fund, 7 W. N. 231, were decided before the Act of 1887, and applied to bonds and stocks of Pennsylvania corporations belonging to a non-resident, and passing under the laws of another state. In Commonwealth's Ap., 11 W. N. 492, the property was government bonds. Orcutt's Ap., 97 Pa. 179, applied to mere evidences of debt and not to tangible personal property. This also was the point in Foreign Bond Tax Case, 15 Wall. 320.

The principle upon which personal property is drawn to the domicile of the owner and its situs is determined thereby, is a fiction of law, which is especially modified for tax purposes : Green v. Van Buskirk, 7 Wall. 150 ; Cooley on Taxation, 369.

Personal property may be taxed wherever it is found, unless it is of such intangible nature that it can only be found at the domicile of its owner : Rorer on Inter-State Law, 204; Potter on Corporations, § 189 ; Pierce on Railroads, 472 ; Com. v. American Dredging Co., 122 Pa. 390 ; Short's Est., 16 Pa. 66; Orcutt's Ap., 97 Pa. 184; Standard Oil Case, 101 Pa. 120 ; Com. v. D., L. & W. R. R., 28 W. N. 329; 1 Desty on Taxation, 322.

Personal property of non-residents invested in business within the state may be taxed : Williams v. Supervisors, 78 N. Y. 567 ; Stockwell v. Brewer, 59 Me. 286 ; Peabody v. Essex, 10 Gray, 97 ; Tappan v. Bank, 19 Wall. 490 ; Cooley on Taxation, 584 ; McCulloch v. State of Maryland, 4 Wheat. 429 ; Maltby v. Reading & Columbia R. R., 52 Pa. 146.

The fact that the interest here is the share of the decedent in a limited partnership association does not affect the right of the state to collect collateral tax. The property taxed is actually within the state and under its protection.

For collateral inheritance tax purposes an interest in a limited partnership is not different from an interest in an ordinary partnership: Morawetz on Corporations, 7; Lindley on Partnership, 5; Eliot v. Himrod, 108 Pa. 580; Lennig v. Pa. Morocco Co., 16 W. N. 115; Tide Water Pipe Co., Ltd., v. Kitchenman, 108 Pa. 636; Angell & Ames on Corporations, 599; Taylor on Private Corporations, sec. 58; Crowther v. Upland Ass'n, 1 Del. Co. 265; Vandike v. Rosskam, 67 Pa. 333; Maloney v. Bruce, 94 Pa. 252.

The widow was not entitled to one half of the personal estate in specie. The "estate" consists of what is left after conversion into money, payment of debts, etc.: Strode v. Com., 52 Pa. 184; Heinenman's Est., 92 Pa. 99; Gallagher's Est., 76 Pa. 299. The widow's release of all her claims enabled the legatees to take the bequest specifically left to them. They took as legatees under the will and not as vendees from the widow.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

All the facts, bearing upon the questions involved in this contention, are fully presented in the case-stated for the opinion of the court below, and hence a detailed reference to them is unnecessary.

It appears that the testator, George Small, a citizen of Maryland and resident of Baltimore, at and before the time of his decease in April, 1891, owned a large amount of real estate, some personal property and a one third interest in the limited partnership association of "P. A. & S. Small, Limited," located in York county, Pa. That association was formed in May, 1887, by the testator and his brothers, W. Latimer Small and Samuel Small, under our act of June, 1874, and supplements, with a paid-in capital of $450,000, divided into four hundred and fifty shares, one third of which was owned by each. The capital consisted of eleven tracts of land, situated in said county, valued at $190,500, personal property, valued at $240,300, etc. The association's place of business, as well

its principal office, was at York, Pa.  The partnership articles contain a provision securing to the association the first right to purchase the whole or any part of the interest of any member, wishing to dispose thereof, at as low a price as he is willing to sell the same for to any outside party.

George Small, as above stated, was a citizen of Maryland. The other partners were citizens of Pennsylvania, residing in York, Pa.  The business, consisting largely in buying and selling grain, flour, merchandise, etc., in Pennsylvania and elsewhere, amounting to over one million dollars annually, was continued without change of membership until the death of George Small.  He bequeathed all his interest in the association, including "all the property real and personal, notes, stocks, bonds and accounts," to his two partners aforesaid.

Letters testamentary were granted by the orphans' court of Baltimore to W. Latimer Small, Samuel Small and James W. Latimer, executors named in the will.  Ancillary letters were issued to same executors by the register of York county. The inventory filed in Baltimore included the testator's interest (150 shares capital stock) in " P. A. & S. Small, Limited," but that filed in York county did not.  That interest, however, was appraised for collateral inheritance tax, by direction of the register of York county, and therefrom an appeal was taken by the legatees, W. Latimer Small and Samuel Small.

Testator's widow having, in the meantime, elected not to take under his will, etc., an amicable agreement was thereupon entered into between her, the executors, legatees and devisees, by which she received $380,000, in cash, stocks, bonds and a conveyance of real estate in Baltimore, valued at $40,000, in full of all claims on the estate, etc.  In consideration thereof, she in due form released and confirmed unto W. Latimer Small and Samuel Small her dower interest in all other lands of her deceased husband, assigned to them her distributive interest in his estate and released the executors from all claims and demands.

The case-stated, reciting at length all the material facts, including those above outlined, was agreed upon by the parties and submitted to the orphans' court for its decision.  The general question presented by it is, whether the interest in said partnership association, held by the testator at the time of his

decease, viz., 150 shares capital stock valued at $150,000, or any part thereof, was subject to the payment of collateral inheritance tax under the laws of this state?

On the main question, without reference to the action of testator's widow, the learned judge of the orphans' court reached the conclusion that testator's interest in the partnership was personal property situated in York county and therefore taxable; but, inasmuch as Mrs. Small refused to accept the provisions of the will, and elected to claim one half of the personal estate under the intestate law, he held that one half only of said interest was subject to collateral inheritance tax. He accordingly entered a decree in favor of the Commonwealth for $3,750, being 5 per centum on one half the value of said interest. Both parties appealed. On behalf of the Commonwealth it is claimed the court erred in not holding that the whole of said interest is taxable, notwithstanding the action of the widow. On the other hand, the legatees claim that no part of said interest is taxable. Both appeals were argued together, and will be disposed of in same manner.

Our act of May 6, 1887, P. L. 79, which is mainly a compilation of former acts and declaratory of the law as theretofore construed by this court, etc., declares that " all estates, real, personal and mixed, of every kind whatsoever, situated within this state, whether the person or persons dying seized thereof be domiciled within or out of this state, and all such estates, situated in another state, territory or country, when the person or persons dying seized thereof shall have their domicile within this commonwealth, passing from any person who may die seized or possessed of such estates, either by will or under the intestate laws of this state," etc., shall be subject to a tax.

There is some difference in phraseology between this and the first section of the original act of 1826. In describing the property intended to be made subject to payment of collateral *inheritance* tax and fixing the situs thereof, the latter reads thus: " All estates, real, personal and mixed, of every kind whatsoever, passing from any person who may die seized or possessed of such estate, being within this commonwealth," etc. Doubtless, the words, " situated within this state, whether the person or persons dying seized thereof be domiciled within or out of this state," were employed in the act of 1887 for the

purpose of more definitely fixing the situs, etc., of the property intended to be taxed.

The language of the testator's bequest to his two brothers is, " all my interest in the partnership association of ' P. A. & S. Small, Limited,' and in all the property, real and personal, notes, stocks, bonds and accounts of said partnership association."

If, according to the true intent and meaning of the act of 1887, the " interest," thus bequeathed, was property " situated within this state," it is clearly subject to collateral inheritance tax.   We are unable to understand why it was not.   The partnership property was largely made up of lands, merchandise, flour, grain and other personal property which had a visible and tangible existence and an actual situs in this state.   As was said by COMSTOCK, C. J., in Hoyt v. Comrs., 23 N. Y. 224, 228, " the fiction or maxim, *mobilia personam sequuntur*, is by no means of universal application.   Like other fictions, it has its special uses.   It may be resorted to when convenience and justice requires.   In other circumstances, the truth and not the fiction affords, as it plainly ought to afford, the rule of action. . . . I can think of no more just and appropriate exercise of the sovereignty of a state or nation over property situated within it and protected by its laws, than to compel it to contribute toward the maintenance of government and law."   " A nation within whose territory any personal property is actually situated, has an entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has over immovable property situated there : " Story's Confl. of Laws, § 550.

As a general rule, intangible personal property of a nonresident, such as bonds, mortgages and other choses in action, is governed, as to its situs, by the fiction of law above noticed, and hence such property is not subject to collateral inheritance taxation under our laws, because it is not " situated within this state."

In Orcutt's Ap., 97 Pa. 179, the fund under consideration was proceeds of United States bonds deposited, temporarily for safe keeping in Philadelphia, by the testator, a citizen of New Jersey.   Recognizing the general rule that the situs of personal property follows the domicile of its owner, and conceding the

well defined exceptions thereto, that when used in carrying on business and for other particular purposes, some species of personal property may have an actual situs distinct from the legal one, it was held that there was no reason in that case why either the bonds or their proceeds should, for any purpose, have a situs different from the owner's domicile. The bonds were simply evidences of indebtedness, not by any person or corporation within the commonwealth, but by the general government. The facts of this case, however, are different and bring it within the exceptions to the fictitious rule. In the formation, location, etc., of their partnership association, the testator and his brothers evidently established the situs of the personal property which constituted its capital. They organized the association under the laws of this state, located its principal office and conducted its business therein and thus enjoyed the benefit of the law and protection of the state and local government. In such circumstances, as remarked in Hoyt v. Commissioners, supra, the truth and not the fiction plainly affords the rule of action. Neither convenience nor justice requires us to resort to the fictitious rule.

If the partnership association of P. A. & S. Small, Limited, had been a common law partnership, and the testator's interest therein had been specifically bequeathed to his two brothers it undoubtedly would have been liable to collateral inheritance tax. There appears to be no good reason why the bequest should be exempt because it happens to be an interest in a limited partnership association. There is, of course, some difference in the two forms of partnership. In the one, the liability of members is general, in the other it is limited to the capital subscribed, and provision is made for selection of managers by whom the business is conducted in the name adopted by the association, etc., but there appears to be nothing in the mode of organization under the law nor in the manner of conducting the business that requires exemption of the tangible property of the one from payment of collateral inheritance tax, while that of the other is liable thereto.

For these and other reasons that might be suggested, we think the learned judge was right in concluding that the interest bequeathed to appellants was tangible personal property, having an actual situs within the state, receiving the benefit

and protection of its laws, during testator's lifetime, and since, and therefore subject to payment of collateral inheritance tax.

But we think he erred in holding that only one half the value of said interest is taxable. As legatees under the will, appellants acquired and still hold title to the whole of testator's interest in the partnership association. The widow's claim under the intestate law was relinquished in consideration of the money, securities and property she received. In no event could she have successfully claimed any of the partnership property, in specie, nor any specific portion of the interest bequeathed by her husband to his brothers. She would have been entitled to one half of the residue of her husband's personal estate, remaining after payment of all debts, expenses of administration, etc. That was never ascertained, because a compromise was effected and her claim under the intestate law was relinquished. The entire interest specifically bequeathed to appellees was received, and, for aught that appears, is still held by them.

Decree reversed with costs to be paid by the appellees; and upon the case-stated it is now adjudged and decreed that W. Latimer Small, Samuel Small and James W. Latimer, executors of George Small, deceased, pay to the Commonwealth of Pennsylvania the sum of seven thousand five hundred dollars, with interest, etc.

## SMALL'S APPEAL.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This contention arose upon the same state of facts as Commonwealth's Appeal, in same estate, No. 247, January Term, 1892; and both cases were argued together. In an opinion just filed in that case, reversing the decree made on the case-stated, etc., we have said all that is necessary in relation to the question involved in this appeal. For reasons there given we think this appeal should be dismissed.

Appeal dismissed with costs to be paid by appellants.