# Singer *v.* Guarantee Trust and Safe Deposit Company, Appellant.

*Taxation—Collateral inheritance tax—Decedent's estates—Nonresident decedent.*

Where a person domiciled in another state executes a revocable deed of trust by which she gives stocks and stock trust certificates to a trust company in Pennsylvania, to pay the income therefrom to herself for life, and after her death the principal thereof to persons named, not lineal descendants, and the trustee is given power "to sell the same and reinvest the proceeds in good securities," the state of Pennsylvania is entitled to a collateral inheritance tax on the trust estate after the death of the decedent, where it appears that the securities were held in Pennsylvania by the trust company, that no ancillary letters were granted in Pennsylvania, that the fund was not claimed by decedent's executors for the payment of debts, and that the proceeds of the securities were paid over to the persons named in the deed of trust less the amount of the collateral tax.

Argued Oct. 13, 1903.    Appeal, No. 125, Oct. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1903, No. 4391, on case stated in suit of Jacob Singer v. Guarantee Trust & Safe Deposit Company, trustee under deed of Elizabeth W. Allen, deceased.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine liability for collateral inheritance tax.

The material portion of the case stated was as follows :

Elizabeth W. Allen, a resident of New Jersey, died in Pleasantville, N. J., on November 10, 1902.    Her will has been admitted to probate in Atlantic county, N. J., and letters granted to her executors.    A copy of said will is hereto annexed and made part hereof.

On June 4, 1900, being then a resident of New Jersey, she executed a revocable deed of trust to the Guarantee Trust and

Safe Deposit Company, a Pennsylvania corporation, of Philadelphia, the defendant above named, transferring $5,000 Electric & Peoples' four per cent stock trust certificates and twenty-two shares Philadelphia Traction Company's stock in trust to pay the income to herself for life, and after her death to pay over to Mrs. Stella M. Keen, of Philadelphia, $3,000 ; to Ellen Zimmerman, of Pleasantville, N. J., $3,000, free from any collateral or direct inheritance tax that may be levied by the state of New Jersey or by the United States, and to pay over any excess in the hands of the trustees after the payments aforesaid and commissions to the executors of the estate of the decedent.

A copy of the said deed of trust is hereto annexed and made a part of this case stated.

After the death of the decedent the securities were sold by the Guarantee Trust and Safe Deposit Company for $7,032.75, and the sum of $6,000 in cash, less a sum equivalent to the collateral inheritance tax, were paid by defendant, to wit: in the said county of Philadelphia, to said Stella M. Keen and Ellen Zimmerman, who are not lineal heirs of said decedent, nor are they in any way related to decedent.

The plaintiff claims that there is justly due and owing to the commonwealth of Pennsylvania the sum of $300, being five per cent upon the proportion due to Mrs. Stella M. Keen, and five per cent upon proportion to Ellen Zimmerman under the provisions of the said deed of trust, which it was the duty of said defendant as trustee to deduct and pay over to plaintiff for the use of said commonwealth under the laws thereof. The defendant company refuses to pay the sum of $300, claiming that no tax is due the commonwealth of Pennsylvania.

If the court be of opinion that tax is due said commonwealth as claimed by the plaintiff, then judgment to be entered for the plaintiff in the sum of $300, but if not, then judgment to be entered for the defendant, the costs to follow the judgment and either party to have the right of appeal to the Superior Court.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*Walter George Smith*, for appellant.—It is submitted that no portion of this fund is liable to tax in Pennsylvania : Lines's Est., 155 Pa. 378 ; Reish v. Com., 106 Pa. 521 ; Seibert's App., 110 Pa. 329 ; Wright's App., 38 Pa. 507 ; DuBois's Est., 121 Pa. 368.

*Emanuel Furth*, for appellee, cited : Lewis's Est., 203 Pa. 211 ; Romaine's Est., 127 N. Y. 80 (27 N. E. Repr. 759).

OPINION BY RICE, P. J., March 14, 1904 :

The syllabus in Lewis's Estate, 203 Pa. 211, reads as follows : " Where a person domiciled in another state dies leaving stocks, bonds and mortgages, which have always been held by an agent in this state for investment and reinvestment, and the executor, legatees and creditors agree that there shall be a complete administration and distribution of the whole estate by the orphans' court of the county in which the securities are held and where the agent resides, the commonwealth is entitled to the collateral inheritance tax on the estate." The property involved here is of the same kind, namely stock trust certificates and shares of stock of certain corporations, transferred by revocable deed of trust to the defendant, a trust company of this commonwealth, with discretionary power in the trustee " to sell the same and reinvest the proceeds in good securities," in trust, to pay the income to the grantor for life, and after her death to pay a designated portion of the principal to certain collaterals. At the date of the deed, and from that time until her death, the grantor was a resident of the state of New Jersey, where her will was admitted to probate, and letters testamentary granted to her executors. But it does not appear that ancillary letters have been granted in this commonwealth, nor is it alleged that the fund produced by the sale of the securities after the death of the testatrix, is needed, or has been claimed by her executors, for the payment of debts, nor that there are any creditors. On the contrary the trustee has paid over the fund, less the collateral inheritance tax, to the persons named in the deed of trust; so that the case is not complicated by any question as to the " clear value " of the estate that goes to the collaterals. By the terms of the case stated the single question presented

for decision is whether, under our statutes, that portion of the estate is subject to collateral inheritance tax. There is some difference in phraseology between the act of 1887 and the first section of the original act of 1826. " Doubtless the words, ' situated within this state, whether the person or persons dying seized thereof be domiciled within or out of this state,' were employed in the act of 1887 for the purpose of more definitely fixing the situs, etc., of the property intended to be taxed: " Small's Estate, 151 Pa. 1. This case is clearly within that clause of the act of 1887 which provides that " all estates . . . . transferred by . . . . to take effect in possession or enjoyment after the death of the grantor or bargainer . . . . shall be . . . . subject to a tax of five dollars on every hundred dollars of the clear value of such estate," unless it be held that the property was not situated within the state within the meaning of the act. It is argued by the appellant's counsel that the case is governed by Orcutt's Appeal, 97 Pa. 179, and Limes's Estate, 155 Pa. 378, and that the controlling reason for the decision in Lewis's Estate was that there had been an election to consider the fund as being within the commonwealth; in other words, to adopt the language of Judge KING in Alexander's Estate, 3 Clarke's Cases, 87, that " when our laws are resorted to for the obtainment of letters testamentary, when the assets are within our jurisdiction and the legatees ask and obtain payment of their legacies out of those assets under the authority of our tribunals, they so far give the assets a domestic character as to subject them to domestic taxation." Whatever plausibility this interpretation of the decision might have, if there had been a bare affirmation of the decree of the orphans' court, is nullified by the fact that in the opinion of Judge TROUTMAN, which was adopted by the Supreme Court, the question, whether the act of 1887 applied, ex proprio vigore, to stocks, bonds and mortgages of the nonresident testatrix, which at her death, and for a long time before, were held by an agent in this state for investment and reinvestment, was discussed as an independent proposition and determined in the affirmative. Notwithstanding the very plausible argument of the appellant's counsel we think it would not be warrantable for us to hold that what was said upon the question is obiter dictum, or was not adopted by the Supreme Court, and hence the case is not applicable and

controlling here.    Nor is it clear to us that to give this effect
to the decision involves an overruling of Orcutt's Appeal and
Lines's Estate, upon which the appellant's counsel relies.    In
the first mentioned case the securities were temporarily depos-
ited with a trust company of this state for safe-keeping only,
in which and other material particulars this case, equally with
Lewis's Estate, is distinguishable.    In the other case the secu-
rities were not transferred to the foreign trustee for the purpose
of transacting business with them, even to the extent of in-
vesting and reinvesting their proceeds.    And it is to be noticed
that Chief Justice Sterrett said that while the general rule
is that the situs of personal property follows the owner, yet that
for particular purposes some species of personalty may have a
situs distinct from the legal one.    Small's Estate, 151 Pa. 1, is
an illustrative case in which also he wrote the opinion.    Quoting
from Hoyt v. Comrs. of Taxes, 23 N. Y. 224, he said : " The fic-
tion or maxim, mobilia personam sequuntur, is by no means of
universal application.    Like other fictions, it has special uses.
It may be resorted to when convenience and justice requires.
In other circumstances, the truth and not the fiction affords, as it
plainly ought to afford, the rule of action."    Applying this doc-
trine to the question for decision—the liability to collateral in-
heritance tax of the interest of a nonresident deceased member
of a limited partnership—he further said : " In Orcutt's App.,
97 Pa. 179, the fund under consideration was proceeds of United
States bonds deposited, temporarily for safe-keeping in Phila-
delphia, by the testator, a citizen of New Jersey.    Recognizing
the general rule that the situs of personal property follows the
domicile of its owner, and conceding the well defined excep-
tions thereto, that when used in carrying on business and for
other particular purposes, some species of personal property
may have an actual situs distinct from the legal one, it was
held that there was no reason in that case why either the bonds
or their proceeds should, for any purpose, have a situs differ-
ent from the owner's domicile.    The bonds were simply evi-
dences of indebtedness, not by any person or corporation with-
in the commonwealth, but by the general government.    The
facts of this case, however, are different and bring it within the
exceptions to the fictitious rule.    In the formation, location,
etc., of their partnership association, the testator and his broth-

ers evidently established the situs of the personal property which constituted its capital. They organized the association under the laws of this state, located its principal office and conducted its business therein and thus enjoyed the benefit of the law and protection of the state and local government. In such circumstances, as remarked in Hoyt v. Commissioners, supra, the truth and not the fiction plainly affords the rule of action. Neither convenience nor justice requires us to resort to the fictitious rule." But it seems unnecessary to review these and the earlier decisions bearing upon the question, and to point out the distinctions between them and the present case, for we feel constrained to hold that the question, as it is presented here, has been authoritatively decided in the commonwealth's favor in Lewis's Estate.

Judgment affirmed.