## W. E. MAGOON *vs*. B. L. FLANDERS.

Somerset.    Opinion November 23, 1911.

*Vendor and Purchaser.    Contract to Convey.    Evidence.*

Where the plaintiff brought an action to recover damages for an alleged failure on the part of the defendant to convey to him certain real estate according to the terms of a written contract, and a verdict was ordered for the plaintiff, *held* that the evidence was sufficient to support a finding that the plaintiff waived his right to purchase the property and that he sustained no damage for which the defendant was legally or equitably responsible.

On exceptions by defendant.    Sustained.

Action on the case to recover damages for an alleged failure to convey real estate according to the terms of a written contract. The plaintiff was allowed to amend his writ by adding a count for money had and received.    Plea, the general issue in assumpsit, with a brief statement alleging that the "plaintiff waived any right to purchase the property described in his writ, if he ever had any such right, and by his conduct is estopped to claim any damages from said defendant."    At the conclusion of the testimony the presiding Justice ordered a verdict for the plaintiff for $100.07 and the defendant excepted.    It was stipulated in the bill of exceptions that if the exceptions were sustained that judgment should be for the defendant.

The case is stated in the opinion.

*Gould & Lawrence*, for plaintiff.

*Butler & Butler*, for defendant.

SITTING :    WHITEHOUSE, C. J., SAVAGE, CORNISH, BIRD, HALEY, JJ.

WHITEHOUSE, C. J.    This is an action on the case to recover damages for an alleged failure on the part of the defendant to convey to the plaintiff certain real estate according to the terms of the following contract signed by the parties, viz :

"In consideration of eight hundred and fifty dollars paid by W. E. Magoon on the following terms, eight dollars per month for one year and three hundred dollars at the end of the year and the balance yearly B. L. Flanders agrees to give said Magoon a good and sufficient title to the land and buildings thereon situated north of the Catholic cemetery on North St. in Skowhegan.

Skowhegan, May 4, 1909."

The plaintiff was also allowed to add a second count for money had and received under which he claimed to recover ninety-six dollars and interest, being the amount of twelve payments under the contract at eight dollars per month.

The defendant contended that the plaintiff waived whatever right he had under the contract to purchase the property, and by his conduct was estopped to claim any damages from the defendant.

At the close of the testimony the presiding Judge ordered a verdict for the plaintiff for $96 and interest with the stipulation that if the exceptions taken by the defendant were sustained by the Law Court, judgment should be entered for the defendant.

It is the opinion of the court that the exceptions must be sustained.

There was sufficient evidence if believed to support a finding by the jury that the plaintiff's failure to receive a deed of the premises was due to his own breach of the contract and not to any fault on the part of the defendant. It is conceded that the plaintiff failed to pay the $300 at the end of the first year, and no explanation or excuse was offered for the failure, except that he did not have the money to pay it; but it does not appear that he asked for any further time or indulgence. On the contrary the evidence would authorize the jury to find that in April, 1910, he accepted the proposition made by the defendant for him to occupy the place another year at the same "rental" of $8.00 per month if the defendant did not sell the property. The plaintiff admitted that he had not earned enough during the winter to pay his expenses and when at the beginning of the second year, the defendant found a purchaser for the property, the plaintiff does not appear to have made any objection to the sale, and for three weeks made no claim

for damages except the value of a hen yard built by him, for which he accepted satisfaction from the defendant, without any suggestion that he would have liked more time to pay the $300 and without any complaint that he had not been fairly treated by the defendant.

The written contract is silent in regard to the plaintiff's occupation of the premises during the first year. But the plaintiff was allowed to take possession upon the payment in advance of $8.00 a month, a fair rental for the place. There was no suggestion that the plaintiff was to have the use of the premises for a year, rent free, if he failed to pay the $300 at the end of the year without fault of the defendant. On the contrary it appears from the defendant's testimony that near the close of the year, in April, 1910, the plaintiff asked for a reduction of "rent," and under the practical interpretation given to the contract by the parties, the jury would have been justified in reaching the conclusion that the monthly payments made by the plaintiff the first year were to be retained by the defendant as a fair rental during that time, if the plaintiff gave up possession by reason of his failure to pay the $300, without fault of the defendant.

The practical result was that the plaintiff occupied the house for a year at a reasonable rental, and by leaving at the beginning of the second year, he sustained no damage for which the defendant was legally or equitably responsible.

According to the stipulation of the parties, the certificate must be,

*Exceptions  sustained.*
*Judgment  for  the  defendant.*