## Hostetter's Estate.

*Taxation—Direct inheritance tax—Decedents' estates—Personal property in State—Nonresident minor—Fiction of law—Movables follow the person—Acts of May 6, 1887, P. L. 79, and July 11, 1917, P. L. 832—Construction of statutes.*

1. As the wording of section 1 of the Direct Inheritance Tax Act of July 11, 1917, P. L. 832, is almost identical with that of section 1 of the Act of May 6, 1887, P. L. 79, relating to the collateral inheritance tax, cases decided under the latter act are relevant in the construction of the Act of 1917.

2. The general rule that movables follow the person, is not of universal application. Based on a fiction of law, it has special use where convenience and justice require, but ordinarily the truth, and not the fiction, must form the basis of action. In applying the rule to cases arising under the collateral inheritance tax act, where property is held in the State for the benefit of nonresidents, it has been made to depend mainly upon the nature of the property and the right of the beneficiary to remove or enjoy it or dispose of it, as he may see fit; in other words, on the extent of the control the beneficiary has over the estate. It is necessary to take into consideration the circumstances of each case as it arises.

3. A minor, formerly a resident of Pennsylvania, after the death of his father, changed, with his mother, his domicile to New York, and died in that state in his minority. His father died intestate, and a guardian, for the minor's share of the estate, was

appointed in Pennsylvania. A grandmother of the same minor subsequently died, leaving a share of her estate to the guardian of the minor, in trust for his maintenance and support, the principal not to be paid until he reached the age of thirty years, with discretion in the trustee to make payment at an earlier age. The assets of both estates consisted of stocks, bonds, mortgages and real estate acquired by virtue of mortgage foreclosures, located and secured by real estate within the State of Pennsylvania. All of the property, including stocks, bonds and cash deposits had been continuously kept in Pennsylvania, and all corporations whose stocks and bonds were included in the assets, with a single small exception, were Pennsylvania corporations. *Held*, that both estates were subject to the Pennsylvania direct inheritance tax imposed by the Act of July 11, 1917, P. L. 832.

Mr. Justice SIMPSON filed a concurring opinion in which he stated that he would affirm the decrees imposing the tax upon the sole ground that the estates were squarely within the provision of the Direct Inheritance Tax Act of July 11, 1917, P. L. 832.

Argued February 9, 1920. Appeals, Nos. 16 and 17, Oct. T., 1920, by Anson W. Burchard, Executor, from decrees of O. C. Allegheny Co., March T., 1919, Nos. 173 and 256, allowing claims of the Commonwealth of Pennsylvania for direct inheritance tax in estates of Theodore R. Hostetter, Jr., a minor, and Rosetta R. Hostetter, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

The court dismissed the exceptions and awarded to the Commonwealth the amount of the claim for the direct inheritance tax. Anson W. Burchard, executor of Theodore R. Hostetter, Jr., under a will valid by the laws of New York, appealed.

:  *Errors assigned* were the decrees of the court.

*George E. Alter*, of *Alter, Wright & Baron*, for appellant.—It is well settled that intangible personal property of a nonresident, held by a trustee here, is not "situated within" this State: Countess de Noailles Est., 236

Pa. 213; Lines's Est., 155 Pa. 378; Miliken's Est., 206 Pa. 149.

Cases in which this court has sustained the inheritance tax are all radically different from the case at bar.

*David A. Reed*, and *William I. Schaffer*, Attorney General, and with them *John O. Wicks*, for appellee.—The tax is payable under our decisions as they stand: Com. v. Smith, 5 Pa. 142; Small's Est., 151 Pa. 1; Lewis's Est., 203 Pa. 211; Singer v. Guarantee T. & S. Dep. Co., 24 Pa. Superior Ct. 270; Com. v. Breener, 2 Legal Gazette 413; Weaver's Est., 4 Pa. Dist. R. 260; Blackstone v. Miller, 188 U. S. 189.

The legislative intention to tax the intangibles of nonresidents is shown by sections 1 and 15 of the Act of 1917: Del Busto's Est., 6 Pa. C. C. R. 289.

OPINION BY MR. JUSTICE FRAZER, April 19, 1920:

We have two appeals from decrees in two separate proceedings allowing claims of the Commonwealth of Pennsylvania for direct inheritance tax on property held in Pennsylvania by a guardian and trustee for the benefit of a nonresident minor who died before reaching his majority.

The property out of which the tax is claimed was derived from two sources, the first through Theodore Hostetter, Sr., a resident of Pennsylvania, who died in 1902, intestate, leaving as his sole heirs a widow and two children. D. Herbert Hostetter, a brother of decedent, was appointed guardian for one of the children, Theodore Hostetter, Jr., who with his mother changed their domicile from the City of Pittsburgh to New York City, where both remained until the death of the minor in 1918. The other fund is derived from the minor's grandmother, Rosetta R. Hostetter, who died in 1904, leaving a will in which she gave her residuary estate to her son, D. Herbert Hostetter, in trust for the maintenance,

support and education of the children of Theodore Hostetter, Sr., the principal not to be paid to them until "they shall have respectively arrived at the age of thirty years," with discretion in the trustee to make payments at an earlier age. The assets consist of stocks, bonds, mortgages and real estate acquired by virtue of mortgage foreclosure proceedings, located and secured on real estate within the State of Pennsylvania. All of the property, including bonds, stocks and cash deposits, has been continuously kept within the State, and all corporations whose stocks or bonds are included in the assets are, with a single small exception, Pennsylvania corporations. The sole question raised is whether this property is subject to the direct inheritance tax imposed by the Act of July 11, 1917, P. L. 832, which provides, in section 1, that "all estates, real, personal, and mixed, of every kind whatsoever, situated within this Commonwealth, whether the person dying seized thereof be domiciled within or without this Commonwealth," shall be subject to the tax therein imposed. The wording of this section being almost identical with that of the first section of the Act of May 6, 1887, P. L. 79, relating to collateral inheritance tax, cases decided under the latter act are relevant in the construction of the Act of 1917.

The general rule that movables follow the person if applied to the facts in this case would defeat the claims of the Commonwealth and subject the property to the control and taxing power of the particular jurisdiction in which the owner happened to reside. That rule, however, is not of universal application. Based on a fiction of law it has special use where convenience and justice require, but ordinarily the truth and not the fiction must form the basis of action: Small's Est., 151 Pa. 1, 14; Blackstone v. Miller, 188 U. S. 189. In applying the rule to cases arising under the collateral inheritance tax act where property is held in this State for the benefit of nonresidents, it has been made to depend mainly upon the nature of the property and the right of the

beneficiary to remove or enjoy or dispose of it, as he may see fit; in other words, upon the extent of the control the beneficiary has over the estate. In deciding the question it becomes necessary to take into consideration the circumstances of each case as it arises.

Small's Estate, supra, decided the interest of a deceased nonresident partner in a Pennsylvania limited partnership, consisting of real and personal property located in this State, was liable to collateral inheritance tax where the interest was bequeathed to his two brothers, the surviving partners, who were residents of this State. In Arbuckle's Est., 252 Pa. 161, however, an ordinary partnership interest of a nonresident decedent was held not liable to the tax where the partnership agreement provided a survivor should continue the business and pay to the estate of the deceased partner the value of his interest, inasmuch as no interest in property passed but only the right to demand payment, which followed the situs of the personal estate in the state of testator's residence. In Coleman's Est., 159 Pa. 231, and Shoenberger's Est., 221 Pa. 112, it was held the share of a nonresident decedent in land situated in Pennsylvania but converted into personalty by will and the proceeds directed to be applied to payment of legacies was not taxable in Pennsylvania.

In Lines's Est., 155 Pa. 378, this court held that where a resident of Pennsylvania created a trust in New York for his own use for life, and at his death for certain beneficiaries, with power to revoke the trust and change the beneficiaries, the trust property was liable to collateral inheritance tax in Pennsylvania. In the opinion of the court it was said (page 393): "Mr. Lines was not only the beneficial owner of the securities prior to and at the time of his decease, but, under the reserve power of modification, revocation, etc., he had absolute control of the disposition to be made of the securities upon his decease. At any time prior thereto, he could have modified or revoked the trust in favor of the beneficiaries named

in the deed. It is true the legal title to the securities was in the trust company, but, aside from mere compensation for its services, as custodian of the property, the company had no beneficial interest therein. In any proper sense of the term, the securities were the personal property of Mr. Lines. They were his to enjoy during his lifetime, and his to dispose of, in any manner he saw fit, at any time prior to his decease." It would seem to follow from the language just quoted that if conditions had been reversed and the trustee located in Pennsylvania and decedent in another state the property would not have been taxable here.

In Lewis's Est., 203 Pa. 211, stocks, bonds and mortgages in the hands of an agent in this State for investment and reinvestment, for the benefit of a nonresident owner were held to be liable to the tax. There was in that case, however, an agreement between the executor and legatees that complete administration and distribution should be made in the courts of Pennsylvania. The opinion of the court below was affirmed without comment by this court, but in Countess de Noailles's Est., 236 Pa. 213, the present Chief Justice, in commenting on the Lewis case, suggested the decision there rested upon the agreement for distribution in this jurisdiction, otherwise it was not sustainable under Lines's Estate.

Countess de Noailles's Estate, supra, was similar in many respects to the present case on its facts. There stocks, bonds and mortgages held by a trustee in Pennsylvania for a nonresident decedent, were held not to be subject to collateral inheritance tax. A distinguishing feature, however, of that case is that the trust was merely passive and revocable at the will of the beneficiary, the funds remaining at all times subject to his disposal, while in the present case the beneficiary was not given power of control. The trust here was to continue until the beneficiary reached the age of thirty years and during that time his only right to any part of the fund, beyond the income, depended upon the dis-

1920.]      Opinion of the Court—Concurring Opinion.

cretion of the trustee, who had power to use a portion of the principal previous to that time if he saw fit to do so. The trust, an active one, was created in this State and the property was at all times held within the jurisdiction of the court. The beneficiary was without control over it, and could have acquired no control until the expiration of the time fixed for its duration. Under the circumstances, the situs for the purpose of taxation under the direct inheritance tax act is the jurisdiction in which the trust was created and held and the property located.

The decree of the court below is affirmed.

CONCURRING OPINION BY MR. JUSTICE SIMPSON:

I would affirm the decrees in these cases upon the sole ground that the estates are squarely within the purview of the Direct Inheritance Tax Act of July 11, 1917, P. L. 832, which is now being construed by this court for the first time. The distinctions between the facts here, and those existing in the cases cited in the majority opinion, are as stated therein; but, so far as this act is concerned, they are distinctions without a difference, the real distinction being between the acts there construed and the Act of 1917. Each of those cases doubtless would have been decided just as this one, had the language of the acts been the same. It is true that in the respect under consideration the language of this act is the same as that of the Collateral Inheritance Tax Act of May 6, 1887, P. L. 79, and that we held the maxim mobilia sequuntur personam applied to cases arising thereunder; but this was not because we therein construed the Act of 1887 in accordance with its plain meaning, but because we were compelled to limit that plain meaning owing to the fact that its title, viz: "An act to provide for the *better* *collection* of collateral inheritance taxes" did not clearly express a purpose to extend the collateral inheritance tax laws; and hence we had the option of holding the act unconstitutional because of article III, section 3, or of limiting its application to cases covered by the

prior statutes which imposed the tax. In accordance with our invariable rule we chose the latter alternative. The Act of 1919, however, has no defect in its title, which is, "An act for the imposition and collection of certain inheritance taxes," is clear and explicit in its terms, and is within the scope of legislative power; and hence I would enforce it in the present instances, not because the facts are somewhat different from those appearing in prior cases under other acts, but because they are clearly within the expressed intention of the legislature as set forth in this act.