Commonwealth *v.* Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. Co., Appellant.

Argued May 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*John McI. Smith,* with him *Paul G. Smith,* for appellant.

*E. Russell Shockley,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 24, 1940:

The Act of June 22, 1935, P. L. 414, Sec. 3, 72 PS Sec. 3244, provides: "All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, . . . is hereby made taxable, annually, for State purposes, . . . And provided further, That the provisions of this act shall not apply to . . . life or fire insurance corporations having no capital stock . . ."

Appellant, a resident mutual casualty insurance company, against which a tax was assessed for the year 1936 and which owned personal property of the kind enumerated in the act, claims exemption from the levy on the ground that the statute makes an unreasonable and, therefore, unconstitutional classification between life and fire insurance corporations having no capital stock and casualty insurance corporations having none, in violation of Article IX, Section 1 (the tax uniformity clause) and Article I, Section 9 (the due process clause) of the Pennsylvania Constitution, and Section 1 of the 14th Amendment to the Constitution of the United States. If the classification is reasonable, as we think it is, none of the named provisions is infringed. We shall not cite and digest all of our decisions on the sub-

ject of classification for tax purposes. The Constitution expressly provides for such classification, "all taxes shall be uniform upon the same class of subjects." Many of the classifications we have upheld are set forth in *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa. 421, 184 A. 37. As applied to insurance companies, we said, in *Com. v. Girard Life Ins. Co.,* 305 Pa. 558, 158 A. 262, a classification of stock insurance companies on the one hand, and mutual companies on the other, the one taxed, the other not, was reasonable and valid. There is a much greater dissimilarity between casualty companies and life and fire companies, than between stock companies and mutual companies. The latter compete with each other for business, and, therefore, on the basis of equality of tax burden would have a stronger claim for like treatment than can be asserted for mutual casualty companies as against mutual life and fire companies, where there is no competition for business at all. They write an entirely different kind of risk. "The reasonableness of classification is for the legislature in the first instance; unless there is no rational basis for it, the court will not interfere": *National Transit Co. v. Boardman,* 328 Pa. 450, 456, 197 A. 239; *American Stores Co. v. Boardman,* 336 Pa. 36, 6 A. (2) 826.

Even if the provision exempting mutual life and fire companies is unconstitutional, it would not help appellant. The result of such determination would be that the exempting provision would fall and a tax be imposed upon all mutual companies alike: *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa. 421, 184 A. 37, and cases there cited.

Judgment affirmed.