Commonwealth, Appellant, *v.* Chester County
Light and Power Company.

Argued May 21, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Frank A. Sinon,* Deputy Attorney General, with him
*Claude T. Reno,* Attorney General, for appellant.

*Geo. Ross Hull,* with him *Chas. W. Hull,* of *Snyder, Hull, Leiby & Metzger,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 24, 1940:

The problem here presented seems to us simple and not difficult of solution when met in a direct and common sense way,—when sentences used in a statute are allowed to speak the meaning which is obvious in them and when we do not seek for a legislative intent so obscured as to be inconclusive in reaching anything like certainty.

The court below held appellee, Chester County Light & Power Company, not liable to an additional tax of one mill on its corporate indebtedness for the year, 1935, which the Commonwealth contends was imposed by Section 19 of the Act of June 22, 1935, P. L. 414.

What does the act say? It says in section 3 that all personal property of the enumerated classes held or possessed by any resident "is hereby made taxable, annually, for State purposes, at the rate of one mill on each dollar of the value thereof, as of a date to be fixed annually, in the manner provided in section five of this act." Section 5 states that the revenue department shall on or before February 1, 1936, and annually thereafter, fix a day as of which the property made taxable shall be listed and assessed and that the day fixed shall be between the first and fifteenth days of the preceding January. The 4th section directs that for the purpose of ascertaining the amount of the tax it shall be the duty of every resident liable, on or before March 15th in each year, to transmit to the department a return. Section 19 is the one which levies the tax on corporate loans. It says the named classes of securities issued by private corporations "are hereby made taxable for the year one thousand nine hundred and thirty-six, and annually thereafter." Nothing could be plainer than this. Section 24 gives rise to the trouble which is caused by bad

draftsmanship. This section reads: "This act shall become effective immediately upon its final enactment, and shall remain in force *for the assessment and collection of taxes under section three of this act,* for the calendar years *one thousand nine hundred and thirty-six and one thousand nine hundred and thirty-seven,*\* and for the collection of taxes under section nineteen of this act, during the calendar years *one thousand nine hundred and thirty-six and one thousand nine hundred and thirty-seven,* on reports filed for the calendar years one thousand nine hundred and thirty-five and one thousand nine hundred and thirty-six, . . ." Just why the year, 1935, was inserted in section 24, when it is out of harmony with the years named in the other sections, is a matter purely of speculation, perhaps by inadvertence, but however that section does not levy a tax for 1935, the taxes are levied under sections 3 and 19 and they do not mention nineteen hundred and thirty-five. "A levy by the proper legislative authorities is the first step in taxation, and no taxes can be assessed or collected unless and until a legal levy is ordered by such authorities, and therefore until such levy has been ordered no taxes accrue": 61 C. J. 552. The language of these sections making the levies is clear and free from all ambiguity. The common law rule, which after all is just common sense, as crystallized in legislation, is "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 51, 46 PS Sec. 551. It is only when the words of the law "are not explicit" that the intention of the legislature may be ascertained by considering other means of construction: Ibid.

In the interest of brevity, we are not inclined to follow the Commonwealth along all the paths of its argu-

---

\* It is admitted by the Commonwealth that taxes under this section are not imposed for 1935.

ment. They lead in several directions,—a search for the legislative intention, an exploration of the method pursued in collecting corporate loan taxes, pursuit of the rule that where there is a conflict in the provisions of a statute, the last clause in point of order shall prevail, the legislative history of the act, that a subsequent act passed in 1936 aids construction, the circumstances existing in the State's revenues at the time of the passage of the act and finally the executive construction given to it. Considering all these, we have concluded that the signs put up by the act itself, by the explicit words used in it, are the ones by which to be guided in arriving at right construction.

Judgment affirmed.