## Commonwealth v. Budd Realty Corp.

*John R. Scholl*, of *Scholl & Dougherty*, for appellant.

*Frank A. Sinon*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for Commonwealth.

RICHARDS, P. J., specially presiding, October 14, 1941.—This case involves an appeal by defendant from the settlement of tax on its corporate loans for the year 1937, in the amount of $11,778.56. A stipulation was filed providing for trial without a jury. The evidence consists of an agreed statement of facts, testimony taken at the hearing and certain exhibits. The principal question involved is the rate of taxation for the year in question. The Commonwealth contends that the rate is 8 mills, and defendant 4 mills.

### Facts

Defendant is a Pennsylvania corporation whose average loans for the year 1937 were $1,460,750. Its report was filed within the time provided by law. These are the only facts necessary to an understanding of this opinion.

### Discussion

While the seventh paragraph of the agreed facts states that the tax was settled under the Act of May 18, 1937, P. L. 633, counsel for both sides now agree

that such is not the case. This is indicated by their briefs. It is agreed that 4 mills' tax is due under the Act of July 17, 1936, P. L. 51. The Commonwealth contends that an additional 4 mills is due under the Act of June 17, 1913, P. L. 507, as amended. Defendant contends that the Act of May 18, 1937, P. L. 633, repealed sections 17 and 18 of the Act of 1913, and that it owes no tax under that act for the year 1937. Let us examine this situation.

The Act of 1936, sec. 18, provided that corporate loans should be taxable during 1937, on reports filed for 1936, at the rate of 4 mills, which tax was in addition to the tax imposed by the Act of 1913. The Act of 1913, sec. 17, also imposed a tax on loans at the rate of 4 mills. This court has already held, in Commonwealth v. Erie Dry Goods Co., 50 Dauph. 411, that the Act of 1936 levied a tax at the rate of 4 mills for the year 1937 and that the expression, "on reports filed for 1936," must be deleted. It follows that the tax due for 1937 is at the rate of 8 mills, unless the Act of 1937 relieved defendant of tax under the Act of 1913 for the year 1937. Let us see if the Act of 1937 had this effect.

Section 20 (b) of the Act of 1937 repeals sections 17 and 18 of the Act of 1913. Section 20 (c), inter alia, provides:

". . . the passage of this act shall not be taken or construed to relieve any . . . corporation from the payment of any taxes, . . . imposed by section seventeen of the said act of June seventeenth, one thousand nine hundred and thirteen (Pamphlet Laws, five hundred seven), on reports filed for the calendar year one thousand nine hundred thirty-six . . . and prior years, or from any taxes . . . imposed by the provisions of any act . . . in force at the time this act becomes effective . . . or to prevent the commencement . . . of any legal proceedings by the proper authorities of the Commonwealth . . . for the collection or recov-

ery of taxes . . . due or owing to the Commonwealth under such acts."

Section 21 provides that the act shall become effective immediately upon its final enactment.

When the legislature provided, in section 20 (c), that the passage of the Act of 1937 should not be construed to relieve a corporation from the payment of taxes under section 17 of the Act of 1913, *on reports filed for 1936 and prior years,* it was attempting to save the 4-mills tax for the year 1937, imposed by the Act of 1913. We have no doubt that this was the intention of the legislature. In levying emergency taxes it consistently provided that tax for a given year was on reports for the prior year. Hence, when it used the words "on reports filed for 1936" it was thinking of the tax for 1937. This may have been an unfortunate way to express its intention, but we feel certain this is what it meant. The Act of 1937 imposed no tax for that year but only for the years 1938 and 1939: sec. 17. It is true that, in imposing the tax, they used the expression on reports filed for 1937 and 1938. However, we feel that we are obliged to disregard the words "on reports filed," as we did in the Erie Dry Goods case, supra, and in Commonwealth v. Chester County Light & Power Co., 48 Dauph. 1, affirmed, 339 Pa. 97. This means that the Act of 1937 imposed an 8-mills tax in 1938 and 1939, and explains why it repealed section 17 of the Act of 1913. It was no longer necessary to levy 4 mills under the Act of 1913 since the entire 8 mills was levied under the Act of 1937. But the legislature had no intention of reducing taxes for the year 1937. Section 20 (c) was intended to save the 4-mills tax under the Act of 1913 for the year 1937. It tried to accomplish this by using the expression "on reports filed for 1936." This was its customary mode of expression which continued until the Act of July 11, 1941, P. L. 361. In this act, no doubt taking cognizance of the aforementioned decisions, it for the first time levied the tax for given years on reports filed for the same

years, which is the only workable method: see section 17.

That this was the intention of the legislature is shown by the fact that it provided that the passage of the Act of 1937 should not relieve a corporation from the payment of taxes "imposed by the provisions of any act in force at the time this act becomes effective." The Act of 1913 was in force at the time the Act of 1937 became effective.

While a specific saving clause, if any, may take precedence over a general saving clause, and while taxing statutes must be strictly construed, we feel that these considerations should not outweigh the intention of the legislature which a broad view of the situation reveals. As was said in Commonwealth v. Mortgage Trust Company of Pennsylvania, 227 Pa. 163, 182: "It is not so much what the general rule of construction is as what did the legislature intend . . ." Furthermore, the concluding part of section 20 (c) of the Act of 1937 authorizes the Commonwealth to proceed to collect tax due under "such acts." Such acts means acts in force at the time the Act of 1937 became effective and includes the Act of 1913. Therefore, the legislature authorized the officers of the Commonwealth to collect tax due under the Act of 1913.

This construction gives effect to the intention of the legislature, it harmonizes the several acts involved, it is consistent with prior court decisions, and it saves the tax for the Commonwealth for the year 1937 levied by the Act of 1913.

We, therefore, conclude that the Act of 1937 did not repeal the Act of 1913, so far as the 1937 tax is concerned, and that the loans of defendant are taxable in 1937 at the rate of 4 mills under the Act of 1936 and at 4 mills under the Act of 1913. The total rate of taxation on loans for the year in question is therefore 8 mills.

We have acted upon the requests of both parties for findings of fact and conclusions of law and direct that they be filed of record. Those which we have affirmed we adopt as the findings and conclusions of the court. In addition, we make the following

## Conclusions of law

1. The corporate loans of defendant are taxable in the year 1937 at the rate of 4 mills under the Act of 1936 and at the rate of 4 mills under the Act of 1913, or at the total rate of 8 mills.

2. The liability of defendant for corporate loans tax for the year 1937 is computed as follows:

| | |
|---|---:|
| Taxable loans ................... | $1,406,750.00 |
| Tax at 8 mills ................... | 11,254.00 |
| Less treasurer's commission ...... | 106.27 |
| Balance ............... | $11,147.73 |
| Paid on account ........ | 9,818.07 |
| Balance ............... | $1,319.66 |
| Int. from March 15, 1938, to October 14, 1941 ............ | 283.51 |
| | $1,603.17 |
| Attorney General's commission on amount of tax in dispute, 4 mills on loans of $1,406.750, less one half of treasurer's commission, or 5% of $5,573.86 .. | 278.69 |
| Total due ............ | $1,881.86 |

## Decree nisi

And now, to wit, October 14, 1941, judgment is hereby entered in favor of the Commonwealth and against defendant for the balance due as shown above,

namely, $1,881.86, unless exceptions hereto be filed within the time limited by law.

The prothonotary is directed to notify the parties or their counsel of this decree forthwith.