## Compensation of Substitute Teachers

ADAMS, Deputy Attorney General, October 7, 1943. —This department is in receipt of your request for an interpretation of the Act of May 21, 1943, P. L. 273, and of the Act of May 28, 1943, P. L. 786. More specifically, you ask:

1. If a school district employs a substitute to fill a bona fide vacancy until an acceptable qualified teacher can be obtained, in accordance with the provisions of the Act of May 21, 1943, may reimbursement be allowed by the Commonwealth on account of the services of such a substitute teacher, notwithstanding the provisions of the last sentence of section 1201 of the School Code?

The Act of May 21, 1943, supra, further amends section 1201 of the School Code of May 18, 1911, P. L. 309, 24 PS §1121, but makes no reference to reimbursement by the Commonwealth to school districts. It authorizes a board of school directors to employ a substitute under certain conditions to fill a bona fide vacancy. It also broadens the definition of a "substi-

tute" by the addition of the following italicized phrase:

"The term 'substitute' shall mean any individual who has been employed to perform the duties of a regular professional employe during such period of time as the said regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent, *or who has been employed with the approval of the district or county superintendent and of the Superintendent of Public Instruction, during the present wartime emergency and for a period not longer than one year beyond the cessation of hostilities, to fill a vacancy until an acceptable qualified teacher can be obtained.*"

The final paragraph of section 1201 of the Act of 1911, supra, as amended by the Act of June 20, 1939, P. L. 482, sec. 1, 24 PS §1121, reads as follows:

"Temporary employes shall for all purposes, except tenure status, be viewed in law as full-time employes, and shall enjoy all the rights and privileges of regular full-time employes, and the Commonwealth shall pay to the school district for each temporary employe the same per centum or share of salary, provided by law, as in the case of professional employes; and in cases of temporary employes of approved local or joint vocational industrial, vocational home economics, and vocational agricultural schools or departments, the school district shall be reimbursed, as provided by law, for each of their full-time salaries, just as though they were professional employes. *Such reimbursement from the Commonwealth shall not be made for substitutes except in cases of sabbatical leave.*" (Italics supplied.)

The law is clear and free from all ambiguity. Reimbursement may be made for substitutes only in cases of sabbatical leave. You call our attention to your request for an opinion and a letter in reply from this department, under date of November 8, 1939, in which the conclusion was reached that the Commonwealth

may reimburse the school districts for substitutes. We do not agree with the conclusions expressed in this letter, wherein much stress is laid upon the intent of the legislature. There was no occasion to discuss intent. The Supreme Court of Pennsylvania in the case of Commonwealth v. Chester County Light & Power Co., 339 Pa. 97 (1940), said at page 99:

"It is only when the words of the law 'are not explicit' that the intention of the legislature may be ascertained by considering other means of construction . . ."

Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, reads in part as follows:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*"When the words of a law are not explicit, the intention of the Legislature* may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law." (Italics supplied.)

Furthermore, the legislature has affirmatively stated that the Commonwealth shall reimburse the school district for each member of the teaching and supervisory staff thereof who is on sabbatical leave of absence. This was accomplished by the Act of July 1, 1937, P. L. 2579, which added section 1216 to the Act of May 18, 1911, P. L. 309, and as now amended, 24 PS §1211, reads in part as follows:

"(k) A member of the teaching or supervisory staff, while on sabbatical leave of absence, shall, for all pur-

poses, be viewed in law as full-time teacher, supervisor, principal or other full-time member of the teaching and supervisory staff, as the case may be, and while on sabbatical leave, he or she shall enjoy all the rights and privileges of an employe in regular full-time daily attendance in the position from which sabbatical leave of absence was granted, and during the period of said leave, the *Commonwealth shall pay to the school district for each member of the teaching and supervisory staff thereof, who is on sabbatical leave of absence,* the same per centum or share of salary provided for by law, as if the employe was in regular daily full-time attendance in the position from which the sabbatical leave of absence was taken, and in cases of employes of approved local or joint vocational, industrial vocational, home economics, and vocational agricultural schools or departments who are on sabbatical leave, the school district shall be reimbursed, as provided by law, for each of their full-time salaries just as though such employes were in daily attendance upon their respective duties." (Italics supplied.)

It should be noted that the Act of August 1, 1941, P. L. 744, 24 PS §2371.1 et seq., relating to public school employes who have been granted leaves of absence for military or naval service, contains in section 4 thereof a further exception to the prohibition against reimbursement. See Retirement Payments by School Employes on Leave (No. 1), 47 D. & C. 673, and Retirement Payments by School Employes on Leave (No. 2), 48 D. & C. 47.

The answer to your first question is as follows: No reimbursement may be allowed where a school district employs a substitute to fill a bona fide vacancy, except where a substitute is serving for a teacher on sabbatical or military leave, or under conditions hereinafter considered which further limit the application of the restrictive clause relating to reimbursement.

Your second question reads:

2. In case the answer to the foregoing question should be negative, may reimbursement be allowed by the Commonwealth in case the Superintendent of Public Instruction has issued a special wartime emergency certificate to such a teacher in accordance with the provisions of subsection (*i*) of section 2 of the Act of May 28, 1943, P. L. 784?

The Act of May 28, 1943, supra, is entitled:

"An act prescribing temporary emergency war provisions with respect to the administration of certain provisions of the school laws of this Commonwealth; relating to days for school to be in session; closing schools and suspending classes; temporary assignment and reassignment of teachers; extension of transportation facilities; payment of tuition in lieu of transportation; and granting temporary farm and conservation employment certificates for certain pupils, under certain conditions; *providing for full state subsidies when employing teachers holding special wartime certificates;* authorizing boards of school directors (or boards of public education), subject to the approval of the district or county superintendent, to put such provisions into operation." (Italics supplied.)

Paragraph (i) of section 2 of said act authorizes any board of school directors to:

"(i) *Obtain the full State subsidy provided for fully and regularly certificated teachers* when, at the request of the responsible local district or county superintendent of schools, the Superintendent of Public Instruction has issued to a teacher temporarily employed, a Special Emergency Wartime Certificate to teach in the subject or field for which wartime emergency conditions make it necessary to employ such teacher" (Italics supplied.)

This provision requires no explanation and the answer to your second question, assuming the conditions of the act have been complied with, is in the affirmative.

Your third question reads:

3. In the case of teachers holding wartime emergency certificates issued under the provisions of the Act of May 28, 1943, and on account of whose services the districts are to receive full reimbursement under its provisions, what salary must be paid to the teacher in order that the district may be entitled to full reimbursement?

The only reference in the statute to teachers' salaries is found in paragraph (d) of section 2, which authorizes any board of school directors or board of public education to:

"(d) Adjust the assignment and reassignment of teachers in such field, subjects, schedules and semesters or other periods of work and in such schools as their preparation, experience and certification may qualify them. No such temporary emergency assignment or reassignment shall reduce the annual compensation any teacher now receives, nor shall the emergency assignment, reassignment or the return to the original type of assignment when the emergency has ended be deemed to be a demotion under the tenure provisions of the school laws of this Commonwealth."

This, of course, does not answer your question.

We, therefore, turn to section 1210 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 23, 1923, P. L. 328, 24 PS §1164 et seq. Clause 1 of said section reads as follows:

"The minimum salaries of all teachers, supervisors, principals, and superintendents in the public schools of the Commonwealth, except as otherwise hereinafter provided, shall be paid by the several classes of districts in which such persons are employed, in accordance with the following schedules . . ."

Clauses 2, 5, 6, and 7 of said section set forth salary schedules for school districts of the first, second, third, and fourth classes respectively.

Clause 9 of the same section, as amended by the Act of May 23, 1923, P. L. 328, 24 PS §1172, reads:

"The foregoing schedules prescribe a minimum salary in each instance, and where increment is prescribed it is also a minimum. It is within the power of the boards of education, boards of public school directors, or county conventions of school directors, as the case may be, to increase, for any person or group of persons included in this schedule, the initial salary or the amount of an increment or the number of increments or the minimum qualifications set forth in this act. Teachers shall be entitled to the increments provided for in said schedules who have complied with such requirements as may be prescribed by the State Board of Education, except where additional qualifications are required by the local board of public education or board of school directors.

"Nothing in this act contained shall be construed to interfere with or discontinue any salary schedule now in force in any school district so long as such schedule shall meet the requirements of this section, nor to prevent the adoption of any salary schedule in conformity with the provisions of this act."

Clause 12 of the same section, as amended by the Act of May 23, 1923, P. L. 328, 24 PS §1175, reads:

*"Only those persons holding one of the following certificates shall be qualified to teach in the public schools of this Commonwealth:* College permanent certificate, college provisional certificate, normal school diploma, normal school certificate, special permanent certificate, special temporary certificate, permanent State certificate, certificates which are permanent licenses to teach by virtue of the provisions of section one thousand three hundred eight of this act as amended, *or such other kinds of certificates as are issued under the rules and regulations of the State Board of Education or State Council of Education. The State Board of Education shall also provide for the issuance of certificates by county or district superintendents, to meet such emergencies or shortage of teachers as may occur."* (Italics supplied.)

Clause 13 of the same section, as amended by the Act of May 23, 1923, P. L. 328, 24 PS §1176, reads:

*"The holders of any of the foregoing certificates shall be entitled to the benefits of the salary schedule* where the qualifications required for such certificates include not less than graduation from a State normal school of this Commonwealth or equivalent training, but all holders of certificates which are permanent licenses to teach in the public schools of the Commonwealth shall be entitled to the benefits of this salary schedule, and nothing in this act, nor any regulations of the State Board of Education, shall invalidate any permanent certificate, except as hereinafter provided on account of incompetence, cruelty, negligence, immorality, or intemperance. Teachers not entitled to the benefits of the salary schedule herein provided shall become entitled to such benefits by meeting the qualifications prescribed in this act, and such teachers, until so qualified, shall receive at least seventy-five ($75) dollars per month: Provided, That a teacher holding a professional certificate, or a certificate of equivalent value as determined by the State Board of Education, shall receive a minimum monthly salary of eighty-five ($85) dollars upon meeting such qualifications as shall be required under the rules of the State Board of Education." (Italics supplied.)

Clause 23 of the same section, as amended by the Act of July 1, 1937, P. L. 2598, 24 PS §1184, reads in part as follows:

". . . Provided, however, That the Superintendent of Public Instruction may refuse to authorize the payment of any amount payable to any school district for the school year commencing the first day of July, one thousand nine hundred and thirty-seven, or any school year thereafter, which school district shall, at any time hereafter, fail or refuse to pay to the members of its teaching and supervisory staffs the full amount of the minimum salaries and increments required by this section. He may continue to withhold such requisitions

until provision has been made by the school district for the payment of such minimum salaries and increments."

Therefore, to summarize, it may be said that prior to the passage of the Act of May 28, 1943, in order that a school district might obtain the full State subsidy it was necessary for school teachers to possess certain certificates and to be paid certain minimum salaries. The Acts of May 21 and May 28, 1943, change the first requirement and provide for special wartime emergency certificates, and authorize the payment of the full State subsidy provided for fully and regularly certificated teachers under certain conditions, but neither of these acts changes the requirement of the law that minimum salaries must be paid by the school districts if they are to receive full reimbursement.

Furthermore, we do not believe it to be the intent of the legislature that the State would pay the full subsidy to the school district based on the minimum salary and the school district pay less than the minimum salary to the school teacher, thus making a profit at the expense of the school teacher.

It is therefore our opinion that school teachers holding special wartime emergency certificates are entitled to the minimum salaries referred to in the above-mentioned schedules, and upon failure of the school districts to pay such salaries the Superintendent of Public Instruction may exercise the authority conferred upon him in clause 23, supra. If a school district pays the school teachers in accordance with the schedules mentioned, the school district is entitled to the full State subsidy.

Temporary salary increases as set forth in the Act of May 28, 1943, P. L. 786, are discussed in Teachers' Salary Increases, 48 D. & C. 379.

We are, therefore, of the opinion, and you are accordingly advised:

544

1. No reimbursement may be allowed by the Commonwealth where a school district employs a substitute to fill a bona fide vacancy, except where a substitute is serving for a teacher on sabbatical or military leave, or under other conditions hereinafter set forth.

2. Reimbursement may be allowed when, at the request of the responsible local district or county superintendent of schools, the Superintendent of Public Instruction has issued to a teacher, temporarily employed, a special wartime emergency certificate to teach in the subject or field for which wartime. emergency conditions make it necessary, in accordance with the Act of May 28, 1943, P. L. 784.

3. Minimum salaries must be paid to school teachers holding special wartime emergency certificates under the provisions of the Act of May 28, 1943, supra, in order to entitle school districts to receive full reimbursement from the State as therein provided.