## Hermann Estate.

Argued March 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Alex. A. Garroway,* with him *Campbell, Wick, Houck & Thomas,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *James J. Lawler,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 17, 1944:

The question is whether a gift of $25,000 made in an indenture of trust for the benefit of a public art museum, the donor reserving the income during his life, is exempt, upon the donor's death, from the payment of collateral inheritance tax.

On August 4, 1939, the decedent, John A. Hermann, Jr., conveyed to the Board of Trustees for John A. Hermann, Jr. Memorial Art Museum a certain property in Bellevue, Pennsylvania, together with his paintings, ivories, bronzes and other objects of art, to be held in

perpetual trust for the benefit of the public. At the same time he provided in his will for the payment to the trustees of $75,000, the income to be used for the expenses of the museum, and also executed an indenture conveying to Peoples-Pittsburgh Trust Company in trust the sum of $25,000, the income to be paid to himself during his life and after his death to the trustees of the museum for its upkeep and operation. On the same day he entered into an agreement with the trustees in which he contracted to pay them during his lifetime sums sufficient for the maintenance of the museum, in consideration of which and of the provisions of the trust indenture and will they agreed to accept the duties and obligations of the trusteeship. Thereafter they conducted the management of the museum. Decedent died on September 12, 1942.

The court below held that while the gift of $75,000 in decedent's will was not subject to the collateral inheritance tax because of the exemption provided by the Act of June 24, 1939, P. L. 724, the gift of $25,000 in the trust indenture *was* subject to the tax. Peoples-Pittsburgh Trust Company, trustee, appeals.

The Act of June 24, 1939, P. L. 724, provides that "all estates in any buildings, ground, . . . pictures, statuary or other works of art . . . and in any moneys and funds given in connection with any of the foregoing estates, passing by will from a person seized or possessed thereof, or through the exercise, by any person, of a power of appointment with respect thereto, . . . to any . . . corporation, . . . for the sole use of the public by way of free exhibition within the State of Pennsylvania, whether in trust or otherwise, shall not be subject to any collateral inheritance tax for the use of the Commonwealth."

It will be observed that the exemption thus granted is confined to gifts made by will or through the exercise of a power of appointment and does not in terms embrace the fund of $25,000 donated by decedent in his lifetime by the indenture of trust. Appellant seeks to

have the statute extended by a judicial interpolation to cover gifts by instruments inter vivos on the ground that the legislature probably intended to exempt all such gifts from the collateral inheritance tax and only through inadvertence omitted those made by deed. But however much we may speculate as to the legislative intent the fact remains that there is no ambiguity in the statute as enacted, and we are admonished by section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, that "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." (See *Farmers-Kissinger Market House Company, Inc., v. Reading,* 310 Pa. 493, 498, 165 A. 398, 400, 401; *Commonwealth v. Chester County Light & Power Co.,* 339 Pa. 97, 99, 14 A. 2d 314, 315.) It was because of this familiar principle that in *Frick's Estate,* 277 Pa. 242, 265, 266, 121 A. 35, 44, it was held that the exemption of all estates in any building, ground, pictures and statuary or other works of art, passing by will for the sole use of the public by way of free exhibition within the State of Pennsylvania, as provided by the Act of July 9, 1919, P. L. 794, prior to its amendment by the Act of June 24, 1939, P. L. 724, did not extend to moneys given for the purpose of maintenance, money gifts not being expressly included in the statute. Moreover, section 58 of the Statutory Construction Act, reiterating another well-known principle, declares that provisions exempting persons and property from taxation shall be strictly construed. (See *Frick's Estate,* 277 Pa. 242, 266, 121 A. 35, 44; *Bayer's Estate,* 345 Pa. 308, 312, 26 A. 2d 202, 204.) Appellant urges that if, as we are thus obliged to hold, the exemption does not extend to gifts by deed, the omission would be so arbitrary as to render the Act of July 9, 1919, P. L. 794, as amended, unconstitutional, but that suggestion need not here be considered in view of the fact that appellant would not be helped thereby, for the exemption statute would then fall as an entirety: *Commonwealth v. Pennsylvania Threshermen & Farm-*

*ers' Mutual Casualty Insurance Co.,* 339 Pa. 62, 64, 14 A. 2d 295, 296.

Since the gift of $25,000 is not exempted by the statute upon which appellant relies it remains taxable under section 1(c) of the Act of June 20, 1919, P. L. 521, being a transfer of property by deed or gift intended to take effect in possession or enjoyment at or after the donor's death: *Barber's Estate,* 304 Pa. 235, 155 A. 565; *Leffmann's Estate,* 312 Pa. 236, 167 A. 343; *Husband's Estate,* 316 Pa. 361, 175 A. 503; *Johnson's Estate,* 333 Pa. 193, 4 A. 2d 157; *Commonwealth v. Linderman's Estate,* 340 Pa. 289, 17 A. 2d 397.

An attempt is made to claim immunity from the tax on the ground that in the agreement between decedent and the trustees the latter consented to serve as such only if he made adequate provision for the maintenance of the museum, and the trustees entered upon their duties in reliance upon such provision being made. It is therefore argued that decedent was contractually obligated to pay the $25,000, and consequently it constituted at his death a debt deductible from the assets of his estate. The fact is, however, that the indenture of trust by which the $25,000 was given was itself a performance of whatever obligation existed as to. that amount since it actually passed title thereto to the trustees, only the possession and enjoyment being deferred until decedent's death; after its execution, no unpaid "debt" of $25,000 remained. Moreover, by the Act of June 24, 1939, P. L. 721, amending the Act of June 20, 1919, P. L. 521, it is provided that "the deductions herein allowed in the case of any indebtedness of the decedent shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth". The consent of the trustees to serve in the management of the museum was not a consideration "in money or money's worth" contemplated by the statute as necessary to convert what would otherwise be a gift or legacy into a deductible debt. See *Taft, Executor,*

*v. Commissioner of Internal Revenue,* 304 U. S. 351; *In re Wheeler's Estate,* 119 Nebr. 344, 228 N. W. 861; *Butler's Estate,* 19 D. & C. 172. If the consideration for which this gift was made were to be held sufficient to make the transaction contractual rather than donative the door would obviously be opened for an easy method of evading inheritance taxes.

Decree affirmed; costs to be paid by appellant.