Millcreek Township School District *v.* The Star Theatre, Inc., Appellant.

Argued November 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*T. P. Dunn,* for appellants.

*Clarence T. Bryan,* with him *Bryan, Joslin & Bryan,* for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

The court below sustained the validity of an ordinance of the School District of the Township of Millcreek, Erie County, and entered judgments against defendants who have appealed.

Appellants question the constitutionality of the ordinance which imposed an admission tax on amusements and provided for certain exemptions.

The appeals are from judgments entered by the court below on cases stated in which the parties reserved the right to appeal. The ordinance was enacted by the School District on June 1, 1948, under the authority of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq.[1] The ordinance imposed, inter alia, a tax of 10 per cent "upon admissions to attend or engage in any amusement" within the district. The term "amusement" was defined as including "theatrical performance, motion picture exhibition, . . . circus, show, concert, lecture, sports event, . . ." The exemption clause read as follows: "Provided: That 'amusement' shall not include any form of entertainment, the proceeds of which, after payment of reasonable expenses, inure exclusively to the benefit of religious, educational or charitable institutions, societies, organizations, veterans' organizations, volunteer fire companies or departments, police or firemen's pension or relief organizations." The ordinance also contained a severability clause, which read as follows: "If any sentence, clause or section or part of this resolution is for any reason found to be unconstitutional, illegal or invalid, such

---

[1] Amended by Acts of May 9, 1949, P. L. 898, and September 29, 1951, P. L. 1640.

unconstitutionality, illegality or invalidity shall not affect or impair any of the remaining provisions, sentences, clauses or sections or parts of this resolution. It is hereby declared as the intent of the Board of School Directors of the School District of the Township of Millcreek that this resolution would have been adopted had such unconstitutional, illegal or invalid sentence, clause, section, provision or part thereof not been included therein."

Appellants both operate commercial enterprises, charging admissions to amusements; they are not members of the group as to which the ordinance granted an exemption. In the cases stated submitted to the court below, the sole question involved read as follows: "Does the ordinance by its exemptions violate Article IX, Section 1, of the Pennsylvania Constitution?" The court below, in its opinion, concluded that the exemption clause in the ordinance was discriminatory and based on an improper classification, and that the exemption provided was not within the exemption allowable to charities under Article IX, §1, of the Pennsylvania Constitution. However, the court applied the rule announced in *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 435, 184 A. 37, that, where the provision relating to exemptions in a taxing statute (or ordinance) is held unconstitutional, the result under the severability clause would be "that the act would have to be read as if this provision were not contained therein, and the nontaxables would then become part of the taxable class." Accordingly, the court below held that the excepted organizations would be included "if necessary to sustain the validity" of the ordinance, and that the ordinance was therefore valid as to appellants. Judgments against them were entered for the admission taxes agreed upon in the cases stated, and they will be affirmed.

It is unnecessary for this Court to pass upon the constitutionality, under Article IX, §1, of the Pennsylvania Constitution, of the ordinance involved. It is a fundamental rule that a court will not pass on the constitutionality of a statute or ordinance unless it is absolutely necessary to do so in order to decide the issue before it. *DeSarro v. Snowdon*, 157 Pa. Superior Ct. 150, 154, 42 A. 2d 89; *Altieri v. Allentown Officers' & Employees' Retirement Board*, 368 Pa. 176, 180, 81 A. 2d 884. As a matter of fact, appellants do not ask this Court to pass upon the constitutionality of the ordinance generally or of the exemption clause in particular. Appellants assume that the exemption clause is invalid under Article IX, §1. On this assumption appellants present only one question—Does the severability clause have the effect of making the ordinance valid and enforceable as to appellants?

We are of the opinion that the court below was clearly correct in holding that, even if the exemption provided would otherwise render the ordinance unconstitutional and invalid, the severability clause would, in effect, strike down the exempting provision, make the nontaxables part of the taxable class, and render the ordinance valid and enforceable as to appellants. *Turco Paint & Varnish Co. v. Kalodner*, supra, 320 Pa. 421, 435, 184 A. 37. In *Com. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co.*, 339 Pa. 62, 14 A. 2d 295, a mutual casualty insurance company claimed a taxing statute was unconstitutional, under Article IX, §1, of the Pennsylvania Constitution, because of a provision exempting mutual life and fire insurance companies. In answer to this contention, Mr. Chief Justice SCHAFFER, speaking for the Supreme Court, stated (page 64 of 339 Pa., page 296 of 14 A. 2d) : "Even if the provision exempting mutual life and fire companies is unconstitutional, it would not help

appellant. The result of such determination would be that the exempting provision would fall and a tax be imposed upon all mutual companies alike: Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421, 184 A. 37, and cases there cited." See *Hermann Estate,* 349 Pa. 230, 233, 234, 36 A. 2d 804; *Blauner's Inc., v. Philadelphia,* 330 Pa. 340, 350, 198 A. 889.

Judgment in appeal No. 128, April Term, 1952, is affirmed.

Judgment in appeal No. 148, April Term, 1952, is affirmed.