## McKinney Estate

*Arthur S. Salus,* accountant, p. p.

*E. Louis Rosen, Assistant City Solicitor,* and *Edward G. Bauer, Jr., City Solicitor,* for the City of Philadelphia.

KLEIN, P. J., June 19, 1964.—Mary L. McKinney, also known as Mary Luce, was adjudicated an incompetent by decree of this court, dated July 9, 1963, and Arthur S. Salus, Esq., was appointed guardian of her estate.

The statement of proposed distribution recites that the present account has been filed because the "existing claims are greater than the net balance remaining for distribution".

All parties in interest are stated to have received notice of this audit.

A request is made in the statement of proposed distribution, in accordance with the provisions of section 411.1 of the Incompetents' Estates Act of 1955 (Act of February 28, 1956, P. L. 1154, as amended) that the sum of $600 be awarded from the balance for distribution to the Philadelphia Saving Fund Society in trust for the said Mary L. McKinney, also known as Mary Luce, for the term of her life or so long as she remains incompetent, upon the death of the said incompetent, the proceeds of the said trust fund to be used to such degree as is necessary to pay her funeral expenses.

Heretofore, the courts were without power to direct the guardian of a weak-minded person to retain part of the ward's estate for burial expenses and emergencies, instead of applying the entire estate against a continuing claim by the State or county for support and maintenance in a public institution.

In Gaintner's Estate, 36 D. & C. 529 (1929), the court said, at page 531:

"A reasonable allowance for future burial of the weak-minded person may be humane, but the court lacks authority to make such an order in the instant case."

The principle was reaffirmed in Yoder's Estate, 341 Pa. 81, 84 (1941), where Mr. Justice Parker said:

"Although the suggestion that there should be reserved from the estate of an unfortunate sufficient to bury him and to avoid giving him a pauper's burial makes a strong appeal to human sympathy, there is no warrant in the law for such an exemption."

See also Elwyn's Appeal, 67 Pa. 367 (1871); Bazer Estate, 5 Fiduc. Rep. 335 (1955); Taylor Estate, 22 D. & C. 2d 24 (1960); Fiduciary Review, February 1940.

This regrettable situation was corrected by the Act of June 11, 1963, P. L. 119, which added a new section amending the Incompetents' Estates Act of 1955 and authorized the creation of a trust not in excess of $600 to pay the funeral expenses of the incompetent. The new section reads as follows:

"Section 411.1. Trust Fund.—The guardian may, with the approval of the court having jurisdiction of the estate, create with a corporate fiduciary a trust with a principal not in excess of six hundred dollars ($600). The trust so created shall terminate upon the death of the incompetent and the proceeds thereof shall be used to such a degree as is necessary to pay the funeral expenses of the incompetent. Should the incompetent become competent, the court having jurisdiction of the estate shall have the right to terminate the trust and award the funds so received. During the term of the trust, the corpus shall be exempt from levy, sale, garnishment, attachment or any other process, and shall be unassignable."

It is to be noted that this new section authorizes the creation of a trust "with a corporate fiduciary". In the present case, the accountant requests that $600 be awarded to the Philadelphia Saving Fund Society to be held in escrow to cover the burial expenses of the incompetent. Although this suggestion is extremely practical and may make more sense than the newly created statutory provision, it is clear that there is no authority in law for such an award, because the Philadelphia Saving Fund Society is a mutual savings bank and has no power to act as a fiduciary. The language of the amendment is clear and free from all ambiguity. It makes provision for the creation of a trust *with a corporate fiduciary*. We cannot disregard the letter of the act under the pretext of pursuing its spirit: Hermann Estate, 349 Pa. 230 (1944).

Perhaps the legislature may be persuaded to examine the situation again and amend section 411.1 to permit deposits with savings institutions under a special form of escrow agreement or restricted account. Such deposits would be much simpler to administer and would save considerable costs and other expenses.

The auditing judge is obliged, in the present case, to award the sum of $600 in accordance with the provisions of section 411.1 of the Incompetents' Estates Act of 1955, as amended, to an approved banking institution with fiduciary powers to be selected by the accountant, in trust for the said Mary L. McKinney, also known as Mary Luce, for the term of her life or so long as she shall remain incompetent. Upon the death of the incompetent, the proceeds of the said trust fund shall be used to such degree as is necessary to pay her funeral expenses. . .

And now, June 19, 1964, the account is confirmed nisi.