## Commonwealth v. Life Assurance Company of Pennsylvania

*Harry J. Rubin,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for Commonwealth.

SWOPE, P. J., November 6, 1964. — Life Assurance Company of Pennsylvania appeals from the settlement

against it of the Pennsylvania Gross Premiums tax for the year 1961, under the provisions of the Act of February 21, 1961, P. L. 33, 72 PS §2270.1, et seq. This act imposes a tax on the gross premiums received by foreign insurance companies of all classes and by domestic insurance companies classified as life companies.

Appellant, a stock life insurance company formed under the laws of this Commonwealth assaults the constitutionality of the act on the basis that it is violative of the due process and equal protection guarantees of both our Federal and State Constitutions as well as the tax uniformity clause of the Pennsylvania Constitution. Its attack on the statute based upon impairment of contract was abandoned at the time of argument.

Appellant further contends that the taxing departments erred in their application of the language of the taxing statute, thereby requiring it to include in its total taxable gross premiums all premiums received during the year 1961, without regard for whether the policies out of which they arose were written during that year or prior thereto. The company contends that only those premiums received in 1961 which were attributable to policies written in 1961 may be included as taxable in that year.

As applied to questions of taxation, the guarantees of due process and equal protection of the laws found in both the Federal and the State constitutions, as well as the tax uniformity clause of the Pennsylvania constitution must be deemed coterminous so that a taxing provision violative of one would ordinarily be found to contravene the other: Commonwealth v. Girard Life Insurance Co., 305 Pa. 558 (1932).

It would appear further, that appellant in conceding in its reply brief that a tax based upon a valid classifi-

cation may not be overthrown merely on the basis that it is unfair or unjustly burdensome, in effect relegated itself to the position that the tax complained of is not based upon a valid classification, thereby rendering it repugnant to the equal protection and uniformity of tax provisions of the Federal and State constitutions. With regard to its constitutionality, therefore, the statute must stand or fall on the determination of whether or not the separate classification of domestic life insurance companies as opposed to all other types of domestic insurance companies for purposes of taxation is justifiable.

While both the Federal and Pennsylvania State constitutions guarantee uniformity of taxation to all citizens, neither of them prohibits proper classification of the subjects of taxation so long as the tax is uniform with respect to the members of each class: Pennsylvania Company, etc., Trustee, Case, 345 Pa. 130 (1942) ; Turco Paint & Varnish Company v. Kalodner, 320 Pa. 421 (1936). As was stated in the Girard Company case, supra, at page 563:

". . . The Supreme Court of the United States, speaking through Mr. Justice Roberts, in the Chain Store Tax case, State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 539, thus sums up the constitutional principle: 'The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction . . . A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law. It is not the function of this

court . . . to consider the propriety or justness of the tax . . . Our duty is to sustain the classification adopted by the legislature if there are substantial differences between the occupations separately classified. Such differences need not be great.' "

All legislative enactments, including taxing statutes, enjoy a presumption of constitutionality: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552(3) ; Breslow v. School District of Baldwin Township, 408 Pa. 121 (1962). The burden of showing discrimination based upon unjustifiable classification amounting to a denial of the constitutional guarantees of due process, equal protection and uniformity of 'tax is upon him who alleges it. See Pennsylvania Company, etc. Trustee, Case, 345 Pa. 130 (1942). Appellant avers the unconstitutionality of the gross premiums tax Act of 1961. We cannot agree, however, that it has successfully met its burden of showing the lack of proper classification, upon which that averment, if it is to be upheld, must be based.

The basic determination to be made in this case is whether domestic life insurance companies may properly be classified separate from all other types of domestic insurance companies. Although not determinative of the issue, we note that the legislature, in the Insurance Company Act of 1921, under the provisions of which appellant was created, recognized the existence of different types of insurance companies when they provided the following classes for the formation of such companies: (a) stock life insurance companies; (b) mutual life insurance companies; (c) stock fire, stock marine and stock fire and marine insurance companies; (d) stock casualty insurance companies; (e) mutual insurance companies of any kind other than mutual life insurance companies. This statutory provision for classification of insurance companies for the purposes of formation and regulation under the

Insurance Company Act of 1921, establishes that the legislature determined real differences to exist between and among the various classes. The very fact of the existence of these classifications, even for the limited purpose of that act, over so long a period of time, recognized and accepted by both the Commonwealth and the industry, at least tends to establish that classification of insurance companies, including the separate classification of life insurance companies in a taxing statute, is neither specious, arbitrary, nor capricious on the part of the legislature.

The courts have heretofore considered the problem of classification of insurance companies for the specific purpose of determining the constitutionality of statutes making such classifications. In Germania Life Insurance Co. of New York v. Commonwealth, 85 Pa. 513 (1877), the Supreme Court of Pennsylvania upheld the classification of foreign insurance companies doing business in this Commonwealth as opposed to domestic insurance companies. In Commonwealth v. Girard Life Insurance Co., 305 Pa. 558 (1932), the court further upheld the classification of stock insurance companies as against mutual insurance companies. Similarly, the distinction between life and fire companies on the one hand and casualty companies on the other, has been upheld. See Commonwealth v. Pa. Threshermen & Farmers' Mutual Casualty Insurance Co., 339 Pa. 62 (1940). We take it as established, therefore, that all insurance companies are not the same and that the courts have recognized that differences between them may serve as sufficient basis to allow the legislature to establish classifications not repugnant to the constitutional guarantees here in question. In no case in this Commonwealth have the courts as yet determined whether or not domestic life insurance companies, whether formed on a stock or a mutual basis, may be separately classified for purposes of taxation.

In determining this question, we cannot escape the distinctive basis upon which a life insurance company operates.

Life insurance, by its very nature, is basically different from all other types of insurance. The risks to the life company on its policies are entirely dissimilar from the risks assumed by other types of insurance companies on the policies written by them. The protection afforded and assured by a life insurance policy is in no way the same as that afforded a policy holder under a fire, theft, or health and accident policy. The certainty of claim on a life insurance policy is virtually absolute, while on other types of insurance, entirely problematical. So great indeed are the differences between life insurance companies on the one hand and all other types of insurance companies that the legislature in its wisdom, while allowing all types of insurance companies including life insurance companies under the proper circumstances, to write health and accident policies, limited the writing of life insurance policies to those insurance companies formed for the express purpose of doing this type of business. Under all the circumstances, we are of the opinion that the differences between life insurance companies, whether domestic or foreign, whether stock or mutual, from all other types of insurance companies are manifestly clear, and that the legislature in classifying domestic life insurance companies separately from all other types of domestic insurance companies for purposes of the gross premiums tax under the Act of 1961, acted within proper constitutional limits.

Appellant points out that approximately one third of its total taxable gross premiums reported for the year 1961 arose out of the writing of health and accident policies as allowed by law. Appellant insists that to tax such premiums arising out of the writing of health and accident policies by domestic life insurance

companies while at the same time failing to tax like premiums arising out of the writing of identical policies by all other types of domestic insurance companies constitutes unjust discrimination against the domestic life companies. Once a valid classification has been determined, however, the fact that thereafter the legislature chooses to place a greater burden of tax upon one class than another, or even to subject one class to taxation and leave others untaxed will not be found to be obnoxious to either the Federal or State constitutions. See Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421 (1936), and Commonwealth v. Edgerton Coal Co. Ltd., 164 Pa. 284 (1894), cited therein. Nor would the fact, as in the case here, that the class which is taxed and the class which is untaxed actually compete for the same business out of which the tax is derived be considered sufficient to permit the classification to be overthrown: Commonwealth v. Pa. Threshermen & Farmers' Mutual Casualty Insurance Company, 339 Pa. 62 (1940), citing Commonwealth v. Girard Life Insurance Co., 305 Pa. 558 (1932). The test is not, as suggested by appellant, whether or not there is equality or even "equivalency" of tax as between classes. The test is whether the tax is placed indiscriminately upon every member of the class. In the case at hand every domestic life insurance company deriving premiums from the writing of health and accident business is taxed at the same rate upon such premiums, and, therefore, the tax is properly within the constitutional limitations regarding equal protection and uniformity of tax.

Appellant, having set forth at great length the history of taxation of insurance companies in Pennsylvania by taking the various statutory enactments with regard thereto, complains that the gross premiums tax Act of 1961 constitutes a radical departure from what appellant considers to have been its historic and tradi-

tional policy of seeking basic over-all equality of tax as between all types of insurance companies, domestic and foreign, stock and mutual, life, fire and casualty. But again, so long as the legislature confines itself within constitutional limitations in classifying for tax, the courts may not substitute their judgment for that of the legislature as to what is wise or what is fair with regard to taxation. Nor does any taxpayer enjoy any vested right in a legislative policy no matter of how long a duration. Neither does the constitution of the United States nor that of Pennsylvania guarantee any taxpayer against the possibility of a legislative divergence from a policy favorable to a particular taxpayer to one less favorable, so long as it remains within proper limits in changing its course or its policy.

Appellant's final contention is that the taxing departments erred in interpreting the language of the taxing statute in question as requiring the inclusion of the total taxable gross premiums reportable by the company for the year 1961 of premiums on policies written, nevertheless prior to the year 1961. The language in the imposition section of the act, out of which the controversy arises, provides that the tax shall be paid on a percentage of the gross premiums "received from business done within this Commonwealth during each calendar year". To resolve the problem, we must determine what is meant by the phrase "business done." The term is not defined in the act. The canons of construction dictate that words and phrases shall be construed according to rules of grammar and according to their common and approved usage: Act of May 28, 1937, P. L. 1019, 46 PS §553; Ferraro v. Crowell, 198 Pa. Superior Ct., 222, (1962).

Webster's New International Dictionary, 2d ed. 1952, defines "business" as one's regular occupation. The cases say it has no fixed legal meaning: Connor v.

City of University Park, 142 S. W. 2d. 706 (Tex. Civ. App.) (1940). The cases commonly give the word a general meaning, however, rather than to have it refer to a narrow segment of one's general commercial enterprise. See Black's Law Dictionary at page 248, 4th ed. 1951.

With these rules and definitions in mind, the only interpretation which we feel can properly be given to the phrase "business done" as used in the statute, is that it means "general commercial enterprise." Appellant would have us restrict the meaning of the term to include only "sales" within the taxable year, but quite obviously appellant's business is broader than just selling policies; it also extends to the collection of premiums whether in the year in which the policy is sold initially or in subsequent years on the renewal of the policy. We conclude, therefore, that the taxing departments of the Commonwealth interpreted the language of the imposition section of the statute properly when they required appellant taxpayer to include in its total taxable premiums reported for the year 1961, premiums received during the year from policies written in years prior thereto. We conclude, further, that the classification of domestic life insurance companies, as opposed to all other types of domestic insurance companies for purposes of the gross premiums tax Act of 1961 by the legislature, does not contravene and is not repugnant to the due process, equal protection or uniformity of tax provisions of either the Federal or State constitutions, and accordingly, we make the following

## Order

And now, to wit, November 6, 1964, the within appeal is denied and the action of the Pennsylvania Board of Finance and Revenue herein appealed from is sustained.